THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. AMARIAH HAMMOND et al., Respondents.

Supreme Court, Fifth Department, General Term, October 19, 1889.

1. *Criminal law. Recognizance.*—The liability of the sureties on a recognizance for appearance for trial is not affected by a failure of the principal to acknowledge the understanding.
2. *Same.*—Where the district attorney states that he will not move the indictment at that term, and the accused, in good faith, leaves the court, a forfeiture of such bond for non-appearance is improper.

Appeal by the plaintiff from the judgment of the special

term of this court in Livingston county, dismissing the complaint upon the merits.

*George W. Daggett*, for appellants.

*F. C. Peck*, for respondent.

MACOMBER, J.—One of the original defendants to this action, Amariah Bradner, was indicted at the oyer and terminer held in Livingston county in the month of May, 1886, for the crime of larceny in the second degree. Upon the presentment of the indictment, the same was sent to the court of sessions of that county for trial. Subsequently the accused as principal and this appellant, Amariah Hammond, and another as sureties executed an undertaking in the sum of $500 for the appearance of the accused. This undertaking was properly acknowledged by the sureties who duly justified as such, but the same was not acknowledged by the principal.

The learned judge before whom this action was tried has dismissed the complaint upon the ground that the failure of the principal to acknowledge the undertaking was fatal to any claim of liability against the sureties thereto. To this proposition we cannot assent. The statute permits the defendant, whether in a civil action or in an indictment, to execute an undertaking with or without sureties. Code Crim. Procedure, § 581; Code Civil Procedure, §§ 810, 811.

Had Bradner not been a party to this paper in name, no question could have been raised in regard to the liability of the sureties thereto under these provisions of the several Codes. If there be a fallacy in the reasoning of the learned judge, it consists in the proposition that inasmuch as the recognizance is required to be a record that it therefore must be acknowledged by all of the parties thereto whose names appear thereon. The surety, having undertaken in the form stated for the faithful appearance of the accused for trial, is not in a position to avail himself of any mere formal defect in the

instrument which applies to another party thereto, and not to himself.

But there are other grounds upon which this judgment may be maintained. It is found as a fact by the trial court, which finding is abundantly sustained by the testimony of two reputable members of the bar of long standing, that at the adjourned term of the court of sessions held in the latter part of June, the defendant Bradner was there ready to appear when required, and his counsel was at the court. On inquiry by the counsel for the accused, the district attorney stated, and this too at a time before any forfeiture of bail is claimed, that he should not move the indictment against the accused at that term. Thereupon, under direction or advice of counsel, Bradner was induced by such statement of the district attorney to leave the court at Geneseo, and not further to attend upon that term, and he did so in perfect good faith, understanding by the information which he had received that his presence was not required there longer.

The force of this testimony is sought to be broken in part by the argument of the learned district attorney, that his statement made to counsel and so communicated to the accused did not necessarily relate to the indictment in question, but to others of a series of indictments, of which this was one. But no such limitation can be made upon the force and effect of this statement as disclosed by the evidence. It is quite unreasonable to believe that these gentlemen of large experience in the practice of the courts should knowingly have conveyed to their client information in one case which they knew had been derived only in another. The subsequent voluntary appearance of the defendant in the indictment at the court of oyer and terminer, to which the case had been sent back, corroborates the proposition of the defendant's counsel that the accused acted upon the information given to his counsel by the district attorney.

The judgment should be affirmed.

BARKER, P. J., and DWIGHT, J., concur.

NOTE ON " FORFEITED RECOGNIZANCE."

When and upon what proof, a judgment entered upon a forfeited recognizance, should be vacated. See People *v.* Brady, 34 N. Y. St. Rep. 307; People *v.* Lasher, Id. 624; People *v.* Goltze, 16 Daly, 62; People *v.* Madden, Id. 63; People *v.* Tietjen, 28 N. Y. St. Rep. 13; People *v.* Carroll, Id. 18; People *v.* Samuels, Id. 168; People *v.* Brady, Id. 170; People *v.* Perlstein, Id. 171, 402; People *v.* Smith, Id. 181; People *v.* Ketterly, Id. 180; People *v.* Devine, Id. 404; People *v.* Baer, Id. 412; People *v.* Higgins, 27 Id. 974; People *v.* Johnson, 23 Id. 631; People *v.* Grossman, 75 Daly, 311.

The liability of the sureties is not affected by a failure of the principal, to acknowledge the undertaking. People *v.* Hammond, 54 Hun, 635.

As to when a forfeiture of the bond for non-appearance is improper, see case last cited.

The determination of either the common pleas or the general sessions, on an application to vacate a judgment on a forfeited recognizance, is *res adjudicata.* People *v.* Street, 38 N. Y. St. Rep. 801.

Whether the forfeiture of an undertaking, in bastardy proceedings, can be remitted, is doubtful. People *v.* Lavery, 34 Id. 297.

The court cannot direct a compromise of the judgment entered on a forfeited recognizance. People *v.* Rofrano, 16 Daly, 148.

Fraud or concealment of the property deprived the application of merit. Id.

An omission to state an offence in the recognizance does not render the undertaking void. People *v.* Gilman, 125 N. Y. 372.

The prisoner is held to appear upon any charge of crime, for which he may be subsequently indicted. Id.

An action will lie to recover moneys paid on a forfeited recognizance, on a refusal to refund, after the vacation of the judgment, and an order for repayment. O'Donnell *v.* Mayor, etc., 59 Hun, 624.

The sufficiency of a recognizance in case of manslaughter in second degree, considered. People *v.* Brown, 59 Hun, 618.

The legality of the preliminary proceedings is not relevant or material. Id.

That the district attorney told the prisoner's counsel that the prisoner could go away and that he would send for him when wanted, is no defense. Id.

The requisites to warrant the vacation of a judgment entered on a forfeited recognizance, stated. People *v.* Weber, 31 N. Y. St. Rep. 552.

As to what facts are necessary to be shown on an application to discharge a judgment entered on a forfeited recognizance, see People *v.* Kurtz, 276. Id.