## McINTIRE *v.* WIEGAND.

### (*City Court of New York, General Term.*  April 2, 1890.)

PLEADING—ANSWER—INCONSISTENT DEFENSES.

An answer by one of several defendants, which denies that defendants executed the instrument sued on, and for a further defense alleges that the answering defendant was induced by fraud to sign the instrument, will be taken as an admission of the execution, with the qualification as to the fraud against the answering defendant, since the rule allowing inconsistent defenses will not be construed so as to permit such contradictory averments.

Action by Thomas McIntire against William Wiegand and Herman Wiegand, on an undertaking on arrest, executed by the defendants in an action heretofore commenced in this court, wherein one Sophia Wilkins was plaintiff, and the plaintiff herein was defendant, to recover damages for an alleged breach of promise to marry and seduction, and resulted in a verdict for the defendant, (plaintiff herein.)  The defendants in this action were the plaintiff's sureties in said action.  Defendant Wiegand alone appears.  The first, fourth, and fifth paragraphs of the answer referred to in the opinion are as follows: "*First*. This defendant has not any knowledge or information, sufficient to form a belief, as to whether the defendants herein, or either of them, at any time, executed or filed with the clerk of the city court of New York, or elsewhere, for the benefit of Thomas McIntire, the plaintiff, or any one else, pursuant to the statute in such case made and provided or otherwise, a written undertaking, a copy of which, or a substantial copy of which, is annexed to the complaint, or made to form a part of it, as alleged in the paragraph or subdivision of the complaint marked '*First*.'  *  *  *  *Fourth*. And, for a further and separate defense to the cause of action stated in the complaint, this defendant alleges that, at about the time of the commencement of the action of Wilkins against McIntire, mentioned in the complaint, but this defendant has no precise recollection of the date, the plaintiff in said action called upon this defendant, and requested him to sign a paper, stating that she was in trouble; that thereupon this defendant inquired of her what the nature of the paper was, and that thereupon she told him

that it was of no importance, and that her attorney desired it; and that thereupon this defendant, without reading said paper or knowing the contents thereof, signed the same, which paper this defendant believes to be the paper known and designated as an undertaking in the paragraph or subdivision of the complaint marked ' *First;* ' and this defendant avers that he never appeared before any notary public, commissioner of deeds, or any other officer qualified to administer oaths or take acknowledgments, in relation to said paper so signed by him, and that he never swore to the same, or any part of it, and never acknowledged the execution of it before any such officer. *Fifth.* This defendant further alleges, as a further and separate defense herein, that the judgment, mentioned in the paragraph or subdivision of the complaint marked ' *Sixth* ' therein, was brought about and induced by reason, as this defendant is informed and verily believes, of an amicable arrangement between the plaintiff and the defendant in the said action of Wilkins against McIntire."

Argued before McADAM, C. J., and EHRLICH and McGOWN, JJ.

*Lexow & Leo*, for appellant.    *A. H. Berrick*, for respondent.

PER CURIAM. The first and fourth paragraphs of the answer, interpreted together, must be taken as an admission that the defendants executed the undertaking sued upon, with the qualification that Wiegand was induced to sign it through the fraud of Pauline Wilkins, the plaintiff in the action therein referred to. These paragraphs can be construed in no other way. While inconsistent defenses are allowed to be pleaded, courts have never gone to the extent of holding that a defendant may plead—*First*, that he never executed the instrument sued upon; *second*, that he did execute it, but by means of fraud. No one could safely swear to such a plea, and no court could sanction a practice which encourages parties to take such a risk. We therefore regard the denial in the first paragraph of the answer as controlled by the admission in the fourth paragraph thereof. It would certainly be so regarded at the trial. The fourth paragraph fails to set forth any legal defense. No fraud is attributed to the plaintiff herein, and he is not chargeable with the acts of others not in privity with him. *Kelly* v. *Christal*, 16 Hun, 242; *Coleman* v. *Bean*, 1 Abb. Dec. 394; *Onderdonk* v. *Voorhis*, 36 N. Y. 358; *George* v. *Bischoff*, 68 Ill. 236; *Wayman* v. *Taylor*, 1 Dana, 527; *Harrison* v. *Wilkin*, 69 N. Y. 412.

Whether the undertaking was acknowledged or jurat sworn to is of no consequence in this action, as the omission of both would have constituted but a mere irregularity in the original action that might have been waived by the parties thereto. The fifth paragraph pleads no defense. Whether the judgment recovered was the result of a trial, default, or amicable arrangement is of no consequence. The judgment fixed the rights of the parties, and, if there was any collusion, the sureties should have applied for relief in the original action. The arbitrary use by the defendant of the term "amicable," in reference to the judgment, does not detract from its force, or impair its effect. There is no merit in the appeal, and the order appealed from must be affirmed, with costs.