■ LAWRENCE STIER, as Receiver, Respondent, v. DON MAR OPERATING Co., INC., et al., Appellants. (Action No. 1.) PRESIDENT HOTEL, INC., et al., Plaintiffs, v. FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant. (Action No. 2.) — GREENBLOTT, J. Appeal from an order of the Supreme Court at Special Term, entered December 18, 1968 in Sullivan County, which denied the motion of appellants in Action No. 1 to dismiss the complaint. Although the notice of appeal indicates otherwise, it is clear that appellants appeal from only so much of the order as denied their cross motion to dismiss. Appellant, President Hotel, Inc., the owner in fee of a hotel subject to a mortgage held by the Sullivan County National Bank of Liberty, leased the property to appellant Don Mar Operating Co., Inc., on April 15, 1966 for a period terminating October 15, 1966. In May, 1966 the mortgagee commenced a foreclosure action in which respondent was appointed receiver. On June 27, 1966, respondent, after instituting summary proceedings in Justice Court was awarded possession of the premises. We reversed an affirmance of this decision by County Court (28 A D 2d 795). The foreclosure sale resulted in a deficiency of $42,667.79 for which no judgment was ever entered. Neither were any rents ever paid by the appellant Don Mar Operating Co., Inc., to the respondent nor did he ever demand payment. Appellants then commenced

an action against the respondent Stier's bonding company in the Civil Court of the City of New York to recover the costs of the summary proceeding. Respondent followed by instituting Action No. 1 in Sullivan County to recover the amount of the rent which had accrued under the lease during the pendency of the foreclosure proceeding. The appeal by appellants from the order of Special Term denying its motion to dismiss the complaint in Action No. 1 must be upheld. CPLR 6401 (subd. [c]) provides: " A temporary receivership shall not continue after final judgment unless otherwise directed by the court." Since an order was not obtained to continue the receivership, it was terminated upon final judgment and respondent now lacks standing to maintain an action for rents. Order modified, on the law and the facts, by granting appellants' motion in Action No. 1 to dismiss the complaint and, as so modified, affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Greenblott, J. [58 Misc 2d 407.]