Irving Kendall, J.
At the close of the petitioner’s case in the above-entitled summary proceedings, both sides rested, without any proof being put in by respondent tenant, Ramiro Bararo, and this respondent tenant moved to dismiss the proceedings on the dual grounds (a) that petitioner was not authorized to institute the summary proceedings pursuant to subdivision 10 of section 721 of the Real Property Actions and Proceedings Law, and (b) petitioner had not qualified as re *498 ceiver by reason of the fact that the bond he filed as receiver was defective in that it was not executed by him nor acknowledged nor was it approved by a Justice of the Supreme Court, and therefore he was without authority to act as receiver to collect rents and maintain this proceeding.
This court finds that the respondent tenant’s legal arguments are without merit.
While the order of Mr. Justice Morrie Slifkin does not specifically authorize the receiver to institute a summary proceeding, it clearly gives the receiver the power and the duty to manage the property and collect the rents and clearly directs the defendants in possession, including both respondent tenants and Westchester Furniture Exchange "to pay over to such receiver all rents and profits.”
I find as a matter of law that the power to collect rents and manage property includes the inherent power and authority to take whatever legal steps are necessary to enforce the collection of such rents, including the power to institute summary proceedings.
Subdivision 10 of section 721 of the Real Property Actions and Proceedings Law authorizes the receiver of a landlord, purchaser or other person so entitled to apply, to institute a summary proceeding "when authorized by the court.”
I find as a matter of law that no specific authority to commence a summary proceeding need be given by the court appointing a receiver of rents. The authority is implied.
As to respondent tenant’s claim that the receiver lacked authority to commence this summary proceeding because the $10,000 bond he filed was not executed by him, not acknowledged and not approved as to its form and manner of execution and the sufficiency of the sureties thereof "by a justice of this court” as directed in the order of Mr. Justice Slifkin, dated June 14, 1976, I find that the omissions were mere irregularities which did not affect the validity or sufficiency of the bond filed by the receiver nor his right to exercise his authority.
CPLR 6403 requires a temporary receiver to give an undertaking in an amount to be fixed by the court making the appointment, that he will faithfully discharge his duties.
CPLR 2501 (subd 1) defines an undertaking as: "1. Any obligation, whether or not the principal is a party thereto, which contains a covenant by a surety to pay the required *499 amount, as specified therein, if any required condition, as specified therein or as provided in subdivision (c) section 2502, is not fulfilled”. (Emphasis added.)
It does not appear, and I find that the petitioner landlord Walter Cubita did not sign the bond filed by him on July 9, 1976, although he did execute and file his oath of office on June 29, 1976.
However, I find that this omission by the receiver was a mere irregularity affecting form rather than substance.
An undertaking must be acknowledged by the surety in the same form as is required for the recording of a deed to real property but the principal need not join in the execution of the undertaking (3 NY Std Civ Prac Serv, p 454; Leffingwell v Chave, 5 Bosw 703; Tally v Lewitz, 50 Misc 350).
Moreover, even an omission by the surety to acknowledge an undertaking has been held a mere irregularity which may be waived. (Mclntire v Wiegand, 10 NYS 3.)
There is no doubt that the undertaking herein was properly executed and acknowledged by the surety company but the failure of the principal herein, to execute the bond did not affect the liability of the surety who has properly executed it. (People v Hammond, 54 Hun 635, opn in 7 NYS 219.)
Inasmuch as the requisite security has been posted and the surety’s liability therefor established, the receiver herein qualified as such and is entitled to possession of the property pursuant to the receivership order.
Finally, as to respondent tenant’s claim that the receiver did not qualify because his undertaking was not approved by a Justice of the Supreme Court, the requirement under subdivision (b) of former rule 25 of the Rules of Civil Practice that a Judge approve a bond has been eliminated and no exception was taken by the respondent tenants to the sufficiency of the surety, Hartford Accident and Indemnity Company.
Final judgment is awarded in favor of the petitioner landlord in the sum of $1,200 with a five-day stay of execution of the judgment and warrant.