MORRIS DULBERG, as Agent for ALVIN HELLER, Receiver, Respondent, v RITA EBENHART, Appellant.

First Department, June 5, 1979

---

### APPEARANCES OF COUNSEL

*Rita Ebenhart,* appellant *pro se.*

*Sidney Rabekoff* for respondent.

## OPINION OF THE COURT

LUPIANO, J.

Respondent Rita Ebenhart has occupied a rent-controlled apartment on Riverside Drive since 1957. On July 7, 1975, in the course of a foreclosure action in the Supreme Court, New York County, against the then owner of the real property of which the leased premises form a part, Special Term appointed one Alvin H. Heller as "Receiver for the benefit of the plaintiff" (Tobias Heller)—the holder of the mortgage in the action to foreclose same—"of all the rents and profits now due or to become due." The receiver was also empowered "to institute and carry on such legal proceedings necessary to recover possession of the whole or any part of said premises, and to institute and prosecute suits for collection of rents now due or hereafter to become due * * * and to institute and prosecute summary proceedings for the removal of any tenant * * * therefrom." Further, the order provided that the tenants are to pay to the receiver all rents "until the further order of (the) Court" and that the receiver "retain the money which may come into his hands, other than the expenditures * . * * authorized by virtue of his appointment, until further order of (the) Court." On or about August 10, 1976, a final judgment of foreclosure was entered in the Supreme Court action and on September 14, 1976, the building was sold at judicial sale to Tobias Heller, the holder of the mortgage foreclosed, who had been the owner of this real property prior to his sale to the defendant in the foreclosure action.

On November 15, 1976, petitioner herein, one Morris Dulberg, as agent of the receiver Alvin Heller, initiated a summary proceeding in Civil Court, New York County, to evict respondent Ebenhart for nonpayment of rent in the amount of $2,326.47. The pertinent allegations of the petition state that petitioner, Morris Dulberg, "is authorized to institute and maintain this proceeding and is the agent in respect to the premises * * * of Alvin H. Heller, Receiver of the premises" and that respondent "is the tenant of said premises who entered in possession thereof under written rental agreement made on or about October 1, 1959 between respondent and the landlord receiver's predecessor, wherein respondent promised to pay to landlord * * * rent * * * each month in advance on the 1st day of each month." The notice of petition describes

petitioner as "Agent for Alvin H. Heller, Receiver" in the title of the proceeding.

By order entered April 28, 1977 in the summary proceeding, Special Term of the Civil Court denied the respondent tenant's motion for summary judgment brought on the ground that the receiver has no standing to "press" the nonpayment proceeding. The basis for the denial as articulated by Special Term (Civil Court) is as follows: The receiver "was appointed by an order of the Supreme Court. If the tenant wishes to challenge the propriety of his appointment, she will have to do so in the forum which authorized the appointment." However, it is clear from the tenant's moving papers on this motion (entitled cross motion for summary judgment to dismiss) that the tenant was not challenging the propriety of the appointment, but simply asserting that "Alvin Heller has no legal standing whatsoever to take this action as his appointment for Receiver ended with the Final Judgment of Foreclosure dated July 30, 1976."

Subsequently it appears the respondent tenant defaulted on the day set for trial, to wit, May 9, 1977. Petitioner entered a default judgment which the tenant subsequently sought to vacate. By order dated January 9, 1978, entered January 10, 1978, in this Civil Court proceeding, the tenant's motion to vacate the default was granted on condition that she deposit with the Clerk of said court the sum of $2,326.47 (rent arrears) on or before January 19, 1978. Tenant's further motion to reargue her prior motion to vacate the default was denied by order entered January 30, 1978 which, however, extended the time in which the tenant could deposit the $2,326.47 with the Clerk of the Civil Court to on or before February 6, 1978.

The tenant's appeal from these orders to the Appellate Term resulted in an order entered September 18, 1978, wherein the appeal from the order entered April 28, 1977 was dismissed as untimely, the appeal from the order entered January 30, 1978 was dismissed as nonappealable, and the appeal from the January 9, 1978 order was entertained and resulted in an affirmance. Insofar as here pertinent, the Appellate Term stated in its *Per Curiam:* "Tenant's claim that she was entitled to summary judgment is without merit. The petitioner clearly had standing to maintain the summary proceeding seeking possession for nonpayment of rent, inasmuch as his appointment as receiver in foreclosure was to last

until the 'further order of this Court' and satisfied the requirements of CPLR 6401(c)."

We granted leave to appeal to the respondent tenant from so much of the Appellate Term order as affirmed the Civil Court order entered January 10, 1978.

CPLR 6401 (subd [c]) provides that: "[a] temporary receivership shall not continue after final judgment unless otherwise directed by the court." Prior to adoption of CPLR 6401 (subd [c]), it was recognized that a receivership terminated upon entry of judgment adverse to the party who had obtained the appointment of the receiver *(Colwell v Garfield Nat. Bank,* 119 NY 408; *Baksi v Wallman,* 272 App Div 752). The legislative studies and reports relevant to CPLR 6401 (subd [c]) acknowledge that it is a new section which departs from the former law requiring a separate order after final judgment to continue the receivership by allowing the court to direct the continuation of the receivership in the original appointing order (see Third Preliminary Report, NY Advisory Committee on Prac and Procedure, 373-374).* In *Stier v Don Mar Operating Co.* (33 AD2d 816) it was held that a receiver appointed in a foreclosure action who endeavored to recover rents which accrued during the pendency of the foreclosure proceeding by instituting an *action* to recover same after final judgment of foreclosure and foreclosure sale, had no standing to maintain the action as no order had been obtained to continue the receivership, citing CPLR 6401 (subd [c]).

On this record it is clear that no order has been obtained continuing the receivership for purposes of maintaining the summary proceeding to evict commenced by the receiver's agent subsequent to the final judgment of foreclosure and foreclosure sale. The ·boiler-plate language in the original

---

* "CPLR 6401(c) provides a more flexible framework than existed under prior practice. The provision was intended to retain the rule that a receivership normally terminates when final judgment is reached but to make it clear that the appointing court has the power to continue the receivership after final judgment. Subdivision (c) also is designed to make it less expensive to procure the continuation of a receivership than it was under prior law. It should be noted, however, that CPLR 6401(c) does not change the substantive rules governing the right to a receivership after final judgment or the right to be free of a receivership. The court may order the continuation of the receivership either in the original appointing order or in a subsequent order" (7A Weinstein-Korn-Miller: NY Civ Prac, par 6401.22). "In accordance with the proposition that a temporary receiver is appointed only for the purpose of preserving property pending the outcome of litigation, the statute provides that a temporary receivership shall not continue after final judgment unless otherwise directed by the court" (49 NY Jur, Receivers, § 99).

order of appointment—"until the further order of this Court" —does not specifically refer to the tenure of the receivership and does not convey, with the requisite specificity, an intent that the receivership be continued after the final judgment. The original order of appointment provided for receivership "pending this action" and prohibited the collection of rents by anyone other than the receiver "during the pendency of this action."

It is well recognized that a judgment of foreclosure and sale is final and an adjudication of all questions at issue *(Morris v Morange,* 38 NY 172; *Bondy v Aronson & List Realties,* 227 App Div 136; see, also, *Feiber Realty Corp. v Abel,* 265 NY 94, 98). However, to bar the interests of parties in the mortgaged premises, it is necessary that the judgment be followed by a valid sale. Under the ordinary judgment of foreclosure and sale, the right and interest of a defendant becomes barred and foreclosed by virtue of the sale of the premises and the conveyance made thereunder, not upon the date of the entry of the judgment *(Nutt v Cuming,* 155 NY 309). Therefore, in consequence of a valid sale and conveyance, the judgment of foreclosure and sale forecloses all parties to the action and those claiming under them after the filing of the *lis pendens* in the action *(Godwin v Liberty-Nassau Bldg. Co.,* 144 App Div 164; *Fleischmann v Tilt,* 10 App Div 271; Real Property Actions and Proceedings Law, §§ 1331, 1353; see, generally, Real Property Actions and Proceedings Law, art 13—Action to Foreclose a Mortgage).

Summary proceedings to recover possession of real property are a statutory creation governed in large measure by article 7 of the Real Property Actions and Proceedings Law. The special proceeding commenced against the tenant herein is brought under section 711 of the Real Property Actions and Proceedings Law by a party asserting the right to maintain the proceeding under subdivision 9 of section 721 of said law which provides that such proceeding may be brought by "[t]he receiver of a landlord, purchaser or other person so entitled to apply, when authorized by the court." "This provision is derived from former Civil Practice Act, § 1414, subdivision 8, which had been enacted in 1932. Prior to this enactment, however, it had been held that a receiver could not bring a summary proceeding to recover possession of real property" (Rasch, NY Landlord and Tenant [2d ed], § 1229).

In *Stier v President Hotel* (28 AD2d 795, 796), it is aptly

noted that "[t]he assertion of the right to possession without any statement of the facts upon which the proceeding was predicated, was, in any event, a bare conclusion, and rendered the petition jurisdictionally defective * * * (*Giannini v. Stuart,* 6 A D 2d 418; *Potter v. New York Baptist Mission Soc.,* 23 Misc. 671; *Reich v. Cochran,* 201 N.Y. 450, mot. for rearg. den. 203 N.Y. 547; 14 Carmody-Wait 2d, New York Practice, § 90:212)." As the right to maintain summary proceedings did not exist at common law and is solely a creation of the statute, it applies only in those cases authorized by the statute. "The rule which has finally evolved is that with respect to jurisdictional matters the proceeding should be conducted strictly in accordance with the statute" (Rasch, NY Landlord and Tenant [2d ed], § 1001).

Clearly, the statute does not give a person the right to maintain a summary proceeding solely because such person enjoys the status of receiver. That right is given to a receiver only "when authorized by the court." Thus, it is clear on the record herein and from the various court orders and judgments on file in the Supreme Court foreclosure action and in this Civil Court summary proceeding that not only was there no court order authorizing the receiver to initiate this proceeding, but that the receivership had terminated prior to the initiation of this proceeding.

Parenthetically, the mere assertion in the petition that the interest and right of the petitioner to maintain the proceeding derives from the status of receivership appears to lose sight of the fact that court authorization is necessary for the receiver to so maintain the proceeding. We do not seek to exalt form over substance or to be unduly restrictive in our interpretation of the statute's application so as to frustrate the remedy sought to be made available by the statutory enactment. However, it is inescapable that something more by way of pleading in a petition is required than the simple assertion of receivership status where the receiver is bound to know in legal contemplation that the receivership has (in the ordinary course) terminated prior to institution of the proceeding. We acknowledge that the receiver herein might well have relied on the original order of appointment as giving him the necessary status to maintain the proceeding subsequent to the final judgment of foreclosure and sale. However it suffices to state that the assertion in the petition of such right by reference to the order thus relied on by the receiver is requisite for

pleading purposes, where, as here, the receiver is presuming to act *after* the final judgment of foreclosure and sale.

There must be some relationship between the petitioner and the tenant within the purview of the statute justifying the entertainment of the suit by the Civil Court. A receiver appointed in a foreclosure action is an appointee of the court and occupies, in effect, a fiduciary role respecting both the real property owner and the foreclosing mortgagee.

"The conclusion is inevitable that the right to maintain summary proceedings upon a lease, in conjunction with the occupancy of the premises, was never lost. The statute gave the receiver such right during his administration, as an aid to the enforcement of the subsisting lease between the owner of the property and the tenant. What rights were given to the receiver were given as an aid to the enforcement of this lease, not in diminution or destruction of the owner's rights, but rather in protection and preservation of them. * * *

"The receiver is now out of the picture and a legal view of the situation presents a focus of the [grantee by virtue of the referee's deed after the foreclosure sale] as the landlord and the lessee and sublessees as tenants and undertenants, holding under the original hiring, with no outstanding right or interest to the rents in any third person" *(Hewen Co. v Malter,* 145 Misc 635, 636).

We have heretofore had occasion to note that "[j]urisdiction in summary proceedings to recover possession of real property is exclusively statutory" *(Radlog Realty Corp. v Geiger,* 254 App Div 352, 354).

To reiterate, the receiver, by virtue of the original order of appointment and during the ordinary course of the receivership as, in effect, representative of the owner's estate and entitled to possession, could maintain summary proceedings against the respondent tenant for nonpayment. Upon the termination of the receivership by virtue of the final judgment and the subsequent judicial sale of the premises, there is no authority invested in the receiver to act with respect to the property or the occupants except upon some special order of the court. He simply ceased to be a representative of the owner's estate entitled to possession (see *Curren v Gillam,* 106 Misc 652, 654-655).

It therefore does not avail the receiver anything to obtain a judgment and issuance of a warrant in this proceeding as he simply may not maintain it. The defect in the context deline-

ated above is patently jurisdictional. If it were not, then we would simply modify the order insofar as appealed from to the extent of vacating the requirement that the respondent deposit the rent in court as a condition to the vacatur of the default and as thus modified, we would affirm and remand the matter to the Civil Court, with the ultimate dismissal of the petition to follow in that court. However, as this is a jurisdictional defect, we seize upon it to avoid a waste of judicial time and to enable the parties to properly vindicate whatever rights they have.

Accordingly, the order of the Appellate Term, First Department (DUDLEY, P. J., RICCOBONO and ASCH, JJ.), entered September 18, 1978 in New York County, affirming an order of the Civil Court (WRIGHT, J.), dated January 9, 1978 and entered January 10, 1978 in New York County, vacating a default judgment, should be modified, on the law, to the extent of deleting the condition that the respondent deposit rent, and this court *sua sponte* directs that the petition be dismissed for lack of subject matter jurisdiction, without prejudice to an appropriate action or proceeding for rent, and as so modified, affirmed, without costs and disbursements.

FEIN, J. P., SULLIVAN, BLOOM and LANE, JJ., concur.

Order, Appellate Term, First Department, entered September 18, 1978, modified on the law, to the extent of deleting the condition that the respondent deposit rent, and this court *sua sponte* directs that the petition be dismissed for lack of subject matter jurisdiction, without prejudice to an appropriate action or proceeding for rent, and as so modified, affirmed, without costs and without disbursements.