OPINION OF THE COURT
Anthony J. Fiorella, Jr., J.
*583 Petitioner moves in this summary holdover proceeding for the entry of a final judgment of possession contending that as a duly appointed receiver for the premises in an action to foreclose a lien for unpaid common charges for unit No. 103, petitioner is entitled to the removal of the respondents notwithstanding that they still are fee owners of this condominium unit.
Pursuant to an order of the Supreme Court, Bronx County, Honorable Howard Silver duly appointed the petitioner, Ms. Prosnitz, as a receiver to commence an action to foreclose a lien for unpaid common charges of the unit. It is undisputed that nonpayment of the common charges remain outstanding from February 1990 through December 1997. Said Supreme Court order was signed March 10, 1997. Summons, verified complaint and notice of pendency were also properly filed in Supreme Court.
In its order, Supreme Court authorized the receiver to institute and carry on all legal proceedings necessary for the protection of the unit described in the complaint, including such proceedings as may be necessary to recover possession of the premises and to institute and prosecute summary proceedings for the removal of any tenant or tenants or other persons therefrom.
Respondents in opposition to petitioner’s motion contend that Housing Court is not the proper forum to seek the removal of a condominium unit owner in light of the fact that there is no existing landlord/tenant relationship between the parties and that the relief sought by the petitioner must be obtained in another forum.
APPLICABLE LAW
Petitioner’s right to successfully bring a summary proceeding, if at all, derives from RPAPL 713, which governs situations where no landlord and tenant relationship exists. Under RPAPL 713 (1), the property has to have been sold by virtue of an execution against him (person whose eviction is sought) and a title under the sale has been perfected. RPAPL 713 (5) concerns itself where the property has been sold in foreclosure and either the deed delivered pursuant to such sale, or copy of said deed, certified as provided in the CPLR, has been exhibited to him. In either case, the present summary holdover proceeding meets neither criterion. Clearly, title to the unit has not passed in the foreclosure action. Moreover, no provision is made under RPAPL 713 to exercise jurisdiction in such a situation. *584 CCA 110 clearly outlines in broad terms the limited jurisdiction and purpose of the Housing Court. Conspicuously absent from this section is any reference to a condominium unit owner and its right to commence the instant holdover proceeding since there is undisputedly no landlord and tenant relationship between the parties. (Frisch v Bellmarc Mgt., 190 AD2d 383.)
Petitioner’s reliance on its own by-laws offers no support to its argument. Condominium by-laws are primarily rules and regulations governing the rights, duties and responsibilities of the unit owner and its Board of Managers. The fact that there is a provision in said by-laws to allow for the commencement of legal action and/or summary proceedings does not in and of itself confer jurisdiction on this court where none originally existed.
In Board of Mgrs. v Anderson (NYLJ, Aug. 25, 1993, at 25, col 5), the condominium Board of Managers brought a summary proceeding to evict the respondent unit owner based on the failure of the respondent to pay past due common charges on the unit. The respondent’s motion to dismiss was granted due to the failure of the petitioner to demonstrate the landlord-tenant relationship required to confer on the court jurisdiction over the proceeding. (See, Susskind v 1136 Tenants Corp., 43 Misc 2d 588; First N. Y. Bank for Bus. v 155 E. 34 Realty Co., 158 Misc 2d 658.)
CONCLUSION
Based upon the foregoing discussion, the court concludes that petitioner’s motion for the entry of a final judgment of possession is denied. Petitioner lacks standing before this court to maintain a summary eviction proceeding for nonpayment of common charges. Respondents’ motion to dismiss the instant proceeding is granted.