OPINION OF THE COURT
Memorandum.
Ordered that the order entered February 19, 2010, insofar as appealed from, and the order entered April 30, 2010 are affirmed, without costs; and it is further, ordered that so much of the appeal as is from the order dated March 29, 2010 is dismissed.
In these three consolidated summary proceedings, petitioner, a receiver appointed in a mortgage foreclosure proceeding commenced by Viking Capital Partners, LLC against the record owner of the property, seeks to recover possession of three apartments, alleging that the occupants thereof, including James Noonan and Christina Noonan (appellants), are licensees whose licenses had terminated.
Appellants’ motion for a stay of the proceeding pursuant to RPAPL 756 on the ground that petitioner was not paying for gas service was properly denied because RPAPL 756 applies only to “any proceeding to dispossess a tenant,” and appellants have not shown that they are tenants, that they have a lease, or that they have ever paid rent or been listed as tenants with Division of Housing and Community Renewal. Accordingly, the order entered February 19, 2010, insofar as appealed from, denying appellants’ motion for a stay, is affirmed.
Appellants’ motion for summary judgment also lacked merit. Appellants claim that petitioner lacks standing to maintain a summary proceeding because he was appointed to act as an agent of Viking Capital Partners, LLC, which has now transferred its interest to another entity. However, petitioner is not an agent of Viking Capital Partners, LLC, even though the order appointing him in the foreclosure proceeding against the record owner states that the appointment was on the motion of counsel for Viking Capital Partners, LLC and necessary “for the protection of the plaintiff.” “A court-appointed receiver in a foreclosure action is an officer of the court, a fiduciary of all the parties interested in the receivership, and not an agent of the party who procured the appointment” (Matter of Schwartzberg v Whalen, 96 AD2d 974, 975 [1983]; see Matter of Kane [Freedman — Tenenbaum], 75 NY2d 511, 515 [1990]). As appellants did not show that petitioner had been discharged as receiver or removed by court order, his appointment remained in effect and *74 he had standing to maintain this proceeding under RPAPL 721 (9), which provides that a “receiver of a landlord, purchaser or other person so entitled to apply, when authorized by the court,” may maintain a summary proceeding (see Dulberg v Ebenhart, 68 AD2d 323 [1979]).
Furthermore, appellants were not entitled to summary judgment based on their claim that petitioner is judicially estopped from denying that they are tenants. The doctrine of judicial estoppel applies “when a party has secured a judgment in his or her favor by adopting [a] position, and then has sought to assume a contrary position simply because his or her interests have changed” (Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588 [2011]). Appellants failed to show that petitioner obtained a judgment in his favor based on an allegation that appellants were tenants, rather than licensees. Accordingly, the order entered April 30, 2010, denying appellants’ motion for summary judgment, is affirmed.
So much of the appeal as is from the portion of the order entered March 29, 2010 which denied appellants’ motion for leave to reargue is dismissed on the ground that no appeal lies from an order denying leave to reargue (see Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 880 [2011]). So much of the appeal as is from the portion of the order entered March 29, 2010 which, sua sponte, in effect, struck appellants’ defense of lack of personal jurisdiction is dismissed on the ground that no appeal as of right lies from a sua sponte order (CCA 1702 [a] [2]; see Sholes v Meagher, 100 NY2d 333 [2003]).
Pesce, EJ., Golia and Steinhardt, JJ., concur.