OPINION OF THE COURT
Susan F. Avery, J.
Background
In this holdover proceeding, the petition alleges that the “John Doe” and “Jane Doe” respondents are licensees of the subject premises, that their licenses expired and seeks possession of the premises. A “John Doe” respondent, Fahd Saidi, appeared by an attorney and filed a motion for summary judgment, which was denied as premature, as issue had yet to be joined. Counsel then filed the instant pre-answer motion to dismiss this proceeding (CPLR 3211 [a] [1], [2], [3], [7]).
Arguments
Respondent argues that the petition must be dismissed based upon documentary evidence. Respondent contends that there is currently a written lease in effect for the subject premises which, according to its terms, does not expire until January 30, 2013. Respondent argues that as a result, the statement in the petition that the lease expired on March 31, 2012 is erroneous, and therefore, the petition is fatally defective and must be dismissed.
Respondent also argues that the petitioner lacks the legal capacity to commence this proceeding. Respondent maintains that the order appointing the receiver does not specifically authorize the receiver to commence summary proceedings and as a result this proceeding must be dismissed.
Petitioner opposes the motion. Petitioner challenges the authenticity of the lease annexed to respondent’s moving papers.[1] Petitioner also argues that the order of the Supreme Court permitting the receiver to retain Eric Wughalter, Esq., “as at *827 torney for the Receiver and to compensate said attorney for reasonable value of all legal services rendered,”[2] clearly demonstrates that the receiver has the legal capacity to commence and maintain the instant action.
In response, respondent asserts that the initial order[3] which appointed the receiver, specifically struck out that portion of the order which authorized the receiver to “institute and prosecute summary proceedings for the removal of any tenants or licensees or other persons therefrom” and therefore petitioner lacks legal capacity to commence and maintain this proceeding.
The Lease
In support of respondent’s position that a lease is currently in effect, respondent submits an “Affidavit.” In this “Affidavit” Nasser Saidi states that he is
“the member of the owner — Al-Flamingo Realty LLC[4] with Fahd Saidi, the unnamed Respondent herein and is the tenant of [the premises which are the subject of this action][5] . . . being sued as ‘John Doe’ and as such fully familiar with all the facts and circumstances had herein. That Fahd Saidi is out of the country and cannot submit an affidavit.[6] “That Fahd Saidi’s lease is annexed hereto as Exhibit ‘B’[7]
“That the Notices incorrectly state that the parties have no written rental agreement which is untrue, with the papers also in error, as the apartments are on the first and second floor, and not just the second floor.”[8]
Initially the court notes that the document is not notarized. While the document is stamped by a notary and alleged to be “[s]worn to before me this 8 day of October 2012” it bears no signature of a notary. Additionally, it contains no state *828 ment that it was sworn to or affirmed under penalty of perjury. Accordingly, it is of no probative value.[9]
Overlooking these infirmities, the document is insufficient as a matter of law for respondent to sustain its burden. While Mr. Nasser Saidi, the purported signatory to the “Affidavit,” may assert that he is “the member of the owner — Al-Flamingo Realty LLC [with respondent],”[10] the purported lease annexed as exhibit “B” contains no signature page. Indeed, it appears that the annexation is an incomplete document, as the last line on the second and last page of the annexation contains the heading “29. Landlord” with no sub-text beneath and no additional pages. As an incomplete document, its reliability is in question and will not be considered by this court. [11]
Authority to Commence the Instant Proceeding
Respondent urges that the petitioner lacks the legal capacity to commence this proceeding. Respondent states that specifically stricken from the order appointing the receiver was the language specifically authorizing the receiver to commence summary proceedings. As a result, respondent argues, petitioner is without the legal authority to commence and maintain this action.
In support of this argument respondent cites RPAPL 721 (9) which states that a summary proceeding may be brought by “[t]he receiver of a landlord, purchaser or other person so entitled to apply, when authorized by the court.” The respondent urges that “the Petitioner has [only] two (2) out of three (3) Court Orders,” to wit: the order which appointed the *829 petitioner as receiver, and the order which permitted the receiver to engage the services of counsel for petitioner, appearing herein. Respondent argues that a third order, specifically ordering the retained counsel to commence summary proceedings is necessary. And since no such order exists, the petitioner may not maintain this action.[12]
The parties agree that a receiver is without authority to commence a summary proceeding without a court order authorizing the receiver to do so. Respondent’s attorney maintains that a separate order is needed because the judge that appointed the receiver herein struck the authorization to commence summary proceedings from the order. However, petitioner’s attorney asserts that reading the orders as a whole, it is apparent that the Supreme Court did in fact grant such authority. This court agrees.[13]
In addition to permitting the receiver to retain Eric Wughalter, Esq., “as attorney for the Receiver and to compensate said attorney for reasonable value of all legal services rendered.”[14] The order appointing the receiver contains the following language: “ORDERED, that the Receiver is authorized to forthwith take charge and enter into possession of the property.”[15]
This court takes judicial notice of the notice of petition filed in the within proceeding stating that the petitioner seeks an award “to the Petitioner [of] the possession of the premises.” Additionally, the petition filed in the within proceeding states that “ [petitioner requests final judgment awarding possession of the Premises [sic] to the Petitioner.”
The order of the Supreme Court which, inter alia, appointed the receiver, also authorized the receiver to enter into possession of the premises. Additionally, a subsequent order by the *830 same judge permitted the receiver to engage counsel. As the notice of petition and petition in this action state that the petitioner does in fact seek possession of the premises, this court finds that in compliance with RPAPL 721 (9) petitioner was authorized to commence the instant action.
Order
Accordingly, respondent’s pre-answer motion is denied.

. Respondent’s motion, exhibit B.

. Respondent’s motion, exhibit D.

. Respondent’s motion, exhibit C.

. Contrary to this statement, the order of the Supreme Court states that SBC 2010-1, LLC is the owner of the premises which are the subject of this action. (See respondent’s motion, exhibit C.)

. It is also unclear to this court whether Mr. Nasser Saidi is referring to himself as the tenant or if he is referring to Mr. Fahd Saidi as the tenant.

. HI.

. H 4.

. H 5.

. “The plaintiff has submitted an unsworn statement, incorrectly denominated as an affidavit, stating his position. The exhibits annexed to his opposition are therefore, not properly admitted and have no probative value” (Amaker v Lee, 37 Misc 3d 1203[A], 2012 NY Slip Op 51868[U], *4-5 [Sup Ct, Kings County 2012]).

. As noted above, the order of the Supreme Court states that SBC 2010-1, LLC and not the “affiant” is the owner of the premises which are the subject of this action. (See respondent’s motion, exhibit C.)

. As to the document annexed, “[s]ince it is unsigned and apparently incomplete, its contents do not reveal its reliability. While indeed the court may have discretionary authority, under proper circumstances, to disregard the lack of authentication as a merely technical omission[ ], the court finds it improper to do so here” (Neuschotz v Newsday Inc., 12 Misc 3d 1198[A], 2006 NY Slip Op 51626[U], *5 [Sup Ct, Kings County 2006]).

. See affirmation of Joseph A. Altman dated Oct. 8, 2012,1114.

. No specific authority to commence a summary proceeding need be given by a court appointing a receiver of rents; such authority is implied (Cubita v Westchester Furniture Exch., 88 Misc 2d 497 [Mount Vernon City Ct 1976]); and the
“power to collect rents and manage property includes the inherent power and authority to take whatever legal steps are necessary to enforce collection of such rents, including the power to institute summary proceedings^] [and this section] authorizes the receiver of a landlord, purchaser or other person so entitled to apply, to institute a summary proceeding when authorized by court” (Cubita v Westchester Furniture Exch., 88 Misc 2d 497, 498 [1976] [internal quotation marks omitted]).

. Respondent’s motion, exhibit D.

. Respondent’s motion, exhibit C at 2.