MTC Commons, LLC, Respondent, 
against
Millbrook Training Center & Spa, Ltd. and JOSEPH PARRINELLO, Appellants, -and- "JOHN DOE" and "MARY DOE," Undertenants.



Appeal from a final judgment of the Justice Court of the Town of Washington, Dutchess County (Paul Caltagirone, J.), entered February 24, 2014. The final judgment, insofar as appealed from as limited by the brief, after a trial on stipulated facts, awarded landlord possession and the principal sum of $71,592.06 in a commercial nonpayment summary proceeding.




ORDERED that the final judgment, insofar as appealed from, is modified by dismissing so much of the petition as is against Joseph Parrinello; as so modified, the final judgment is affirmed, without costs.
Landlord MTC Commons, LLC commenced this commercial nonpayment summary proceeding, alleging that Millbrook Training Center & Spa, Ltd. (Millbrook) is the tenant of the premises, having entered into possession thereof under a written rental agreement with landlord, and that Joseph Parrinello signed an unconditional guaranty of payment of the sums due from Millbrook. Landlord sought possession of the premises and payment of delinquent rent and additional rent, the latter consisting of insurance arrearages. Millbrook and Parrinello interposed an answer, in which they denied that MTC Commons, LLC was their landlord or that Millbrook had entered into possession of the premises under a written rental agreement. Additionally, they contended, among other things, that the rights and interests of the parties should be adjudicated in the United States Bankruptcy Court, Southern District of New York, where landlord had filed for bankruptcy. When the matter came on for trial, the parties agreed to submit the case on a stipulated set of facts, and they entered into evidence the following documents: an operating agreement between Joseph Parrinello and Tower Properties, LLC pertaining to the operation of landlord; an executed office lease between landlord and Millbrook; a guaranty of payment executed by Parrinello pertaining to payment of Millbrook's rent; an affidavit, which was signed by Parrinello as managing member of landlord, and submitted in landlord's bankruptcy [*2]proceeding; and a three-page document, referred to as "monthly filings," from landlord's bankruptcy proceeding. Thereafter, the Justice Court awarded landlord possession and the principal sum of $71,592.06 as against Millbrook and Parrinello. On appeal, Millbrook and Parrinello contend that the Justice Court lacked subject matter jurisdiction to hear this proceeding, since there is no conventional landlord-tenant relationship, and that landlord should have been judicially estopped from commencing this proceeding since its submissions in the bankruptcy proceeding regarding the payment of rent were inconsistent with the position that landlord took in the instant proceeding.
At the outset, we note that, in this nonpayment summary proceeding, the Justice Court did not have subject matter jurisdiction to adjudicate a claim for a debt owed to landlord by Parrinello as guarantor of Millbrook's rent, since a landlord-tenant relationship was not established between him and landlord, and money owed pursuant to a guaranty is not "rent" (see RPAPL 741 [5]; Phoenix Indus., Inc. v Ultimate Sports, LLC, 19 Misc 3d 129[A], 2008 NY Slip Op 50520[U] [App Term, 9th & 10th Jud Dists 2008]; Realty Equity Holdings 3820, L.L.C. v Devito Furniture Corp., 1 Misc 3d 129[A], 2003 NY Slip Op 51577[U] [App Term, 2d & 11th Jud Dists 2003]). Consequently, so much of the petition as is against Parrinello must be dismissed.
The contention that the Justice Court lacked subject matter jurisdiction to hear the remainder of this proceeding is without merit (see Chelsea Ridge NY, LLC v Clarke, 42 Misc 3d 128[A], 2013 NY Slip Op 52154[U] [App Term, 9th & 10th Jud Dists 2013]). Pursuant to RPAPL 701 (1), a special proceeding to recover real property may be maintained in a Justice Court (see also UJCA 204). Moreover, pursuant to RPAPL 741 (5), the relief sought in a summary proceeding may include a judgment for rent due and/or for the fair use and occupancy of the premises. UJCA 204 states that, in a summary proceeding, the Justice Court shall have the jurisdiction to render judgment for rent due "without regard to amount." Additionally, the executed office lease, which was entered into evidence, demonstrated the existence of a landlord-tenant relationship between MTC Commons, LLC and Millbrook. Thus, the Justice Court had subject matter jurisdiction over the remainder of this proceeding. 
The doctrine of judicial estoppel, which, in a bankruptcy context, bars a party from pursuing claims not listed in a bankruptcy proceeding that resulted in the party's discharge (see Cafferty v Thompson, 223 AD2d 99 [1996]), does not apply in the absence of a final determination in the bankruptcy proceeding endorsing the party's inconsistent position concerning its assets (see Koch v National Basketball Assn., 245 AD2d 230 [1997]; Manhattan Ave. Dev. Corp. v Meit, 224 AD2d 191 [1996]). Here, Millbrook has not demonstrated that landlord should be judicially estopped from claiming that it was owed rent from Millbrook since Millbrook failed to show that landlord had obtained a discharge in the bankruptcy proceeding based on an assertion that it was not owed rent or even that there was a final determination of landlord's bankruptcy proceeding (see generally Miller v Noonan, 32 Misc 3d 71 [App Term, 2d, 11th & 13th Jud Dists 2011]). In any event, based on the documentary evidence, landlord did not take a position in the bankruptcy proceeding that was inconsistent with its posture in this proceeding, since the affidavit submitted by Parrinello, as managing member of landlord, in landlord's bankruptcy proceeding, which was entered into evidence in the instant proceeding, acknowledged that Millbrook had "failed to pay rent for a significant time period" and, further, that as a result thereof, landlord "was unable to pay its debts as they became due." Thus, the doctrine of judicial estoppel cannot apply here.
Accordingly, the final judgment, insofar as appealed from, is modified by dismissing so much of the petition as is against Joseph Parrinello. 
Tolbert, J.P., Iannacci and Connolly, JJ., concur.
Decision Date: January 12, 2016