Sakala v Bank of N.Y. Mellon (2019 NY Slip Op 04281)





Sakala v Bank of N.Y. Mellon


2019 NY Slip Op 04281


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9482NA 9482N 300309/16E

[*1] Christopher Sakala, Plaintiff-Respondent,
v
Bank of New York Mellon formerly known as The Bank of New York, as Trustee on behalf of CIT Mortgage Loan Trust 2007-1, Defendant-Appellant.


Cohn & Roth, LLC, Mineola (Kevin T. MacTiernan of counsel), for appellant.



Order, Supreme Court, Bronx County (Doris Gonzalez, J.), entered on or about September 7, 2017, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and defendant's motion granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered on or about January 19, 2018, which, inter alia, denied defendant's cross motion for reargument and renewal, unanimously dismissed, as academic.
Plaintiff financed the purchase of the subject property, and after a series of assignments, the note and mortgage was assigned to defendant. In 2010, defendant commenced a foreclosure action alleging that plaintiff had failed to pay the June 1, 2009 installment on the loan, and every payment thereafter. The foreclosure action became final after the entry of judgment of foreclosure and the valid sale of the property at auction (see Dulberg v Ebenhart, 68 AD2d 323, 327 [1st Dept 1979]; Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503 [2d Dept 2000]).
This action, seeking return of the property upon a purported theory of wrongful foreclosure is conclusively barred by res judicata because the only issue sought to be litigated, rightful ownership of the subject property, was conclusively determined by the judgment in the foreclosure action, which plaintiff never sought to vacate (see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018]; Matter of Hunter, 4 NY3d 260, 269-270 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK