Kasdon v Cabrera (2025 NY Slip Op 25112)

[*1]

Kasdon v Cabrera

2025 NY Slip Op 25112

Decided on May 13, 2025

Civil Court Of The City Of New York, Kings County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 13, 2025
Civil Court of the City of New York, Kings County

James E. Kasdon, Esq., Receiver, Petitioner

against
Heylin Cabrera; JOHN DOE; JANE DOE, Respondent.

L&T Index No. 311498-24

James. E. Kasdon, Esq., Receiver, for the petitioner
Heylin Cabrera, unrepresented respondent

Karen May Bacdayan, J.

Recitation, as required by CPLR 2219 (a) of the papers considered in review of this motion by NYSCEF Doc No.: 31-32.
PROCEDURAL HISTORY
This is a nonpayment proceeding commenced pursuant to Real Property Actions and Proceedings Law ("RPAPL") § 711 (2) by James E. Kasdon, a receiver, against Heylin Cabrera the owner of a condominium apartment which is the subject premises. (NYSCEF Doc No. 1, petition ¶¶ 1, 10.) Petitioner demanded that the arrears be paid within 14 days, or "summary proceedings under the [s]tatute to recover the possession" of the premises would be commenced. (NYSCEF Doc No. 3, rent demand.) The petition alleges Mr. Kasdon was appointed as receiver of rents for the subject premises, pursuant to two orders issued by Kings County Supreme Court under Index number 17871/2012, a common charges lien foreclosure action brought by the president of the subject building's condominium board against the respondent herein. (Real Property Law § 339-aa ["Lien for common charges; duration; foreclosure."]) The petition further alleges respondent "has been deemed the tenant of the [s]ubject [p]remises pursuant to the above referenced Supreme Court Orders," and was ordered pursuant to those orders "to pay . . . as minimal rental the amount of money equaling ongoing common charges and all assessments from January 2010 forward." (Id. ¶ 3.)
Certified copies of the two Kings County Supreme Court orders are attached to the petition. (NYSCEF Doc No. 6.) In relevant part, the orders grant summary judgment to the plaintiff on its foreclosure claim, appointed a referee, appointed petitioner herein as the receiver, directed respondent herein to pay $482.57 plus special assessments, and granted the receiver "the power to demand the unpaid rent or use and occupancy from [respondent] and if the demand is unfulfilled, to commence summary proceedings to obtain the rental/use and occupancy and assessment arrears and/or a judgment of possession." The order further granted petitioner "permission to act as an attorney in" any legal proceedings brought to enforce the order. (Id. at [*2]3-7.)
Respondent filed a pro se answer on April 23, 2024, raising a general denial. (NYSCEF Doc No. 8.) The proceeding was transferred to the trial part on February 13, 2025 and a trial was calendared for April 2, 2025. (NYSCEF Doc No. 19.) On the trial date, during petitioner's prima facie case, the court questioned whether or not Housing Court was the appropriate venue for this nonpayment proceeding. The parties were given an opportunity to brief the issue. (NYSCEF Doc No. 30.)
For the following reasons, the court finds that petitioner, a receiver, may not maintain this summary nonpayment proceeding and the petition is dismissed.
DISCUSSION
Petitioner's position is that this court can adjudicate this proceeding because he "was specifically vested by the Orders of Supreme Court with the authority to commence and maintain summary nonpayment proceedings" against respondent. (NYSCEF Doc No. 31, petitioner's brief at 4.) In support, petitioner cites to RPAPL 721 (9), which provides that a proceeding under Article 7 may be maintained by "[t]he receiver of a landlord, purchaser or other person so entitled to apply, when authorized by the court[.]" In further support, petitioner cites to Dulberg v Ebenhart, 68 AD2d 323 (1st Dept 1979). In Dulberg, as here, a receiver was appointed in the course of a foreclosure action in Supreme Court. Petitioner characterizes Dulberg as having "address[ed] the fundamental prerequisite for subject matter jurisdiction to attach pursuant to RPAPL [] 721(9)." (Id. at 5 ["When authorized by Supreme Court Order, subject matter jurisdiction is conferred on the landlord-tenant part of Civil Court."].)
Respectfully, the Dulberg court's application of the term "subject matter jurisdiction" is misdirected; thus, petitioner's reliance on Dulberg is as well. In Dulberg, the property being foreclosed upon was an apartment building on Riverside Drive in Manhattan, and the respondent was "the tenant of [an apartment in] said premises who entered in possession thereof under [a] written rental agreement made on or about October 1, 1959 between respondent and the landlord receiver's predecessor, wherein respondent promised to pay to landlord ... rent ... each month in advance on the 1st day of each month (emphasis added)." (Dulberg, 68 AD2d at 324). Dulberg, the agent of the receiver, commenced a nonpayment proceeding against Ebenhart, the regulated tenant, pursuant to RPAPL 711 (2). The court recognized that Dulberg would have had standing pursuant to RPAPL 721 (9) to commence a summary proceeding if his receivership had not terminated prior to the initiation of the proceeding. The court also recognized that the receiver's cause of action for nonpayment of rent was derived from their charge to enforce "the subsisting lease between the owner of the property and the tenant." (Dulberg at 329.) However, because the receiver no longer had standing to maintain the proceeding pursuant to RPAPL 721 (9), the Dulberg court "sua sponte direct[ed] that the petition be dismissed for lack of subject matter jurisdiction." The dismissal for want of subject matter jurisdiction cannot be reconciled with the laws which define the scope of this court's authority.
The Housing Court is vested with subject matter jurisdiction over summary proceedings pursuant to New York City Civil Court Act § 204, which states: "The court shall have jurisdiction of summary proceedings to recover possession of real property located in whole or in part within the city[.]" Real Property Actions and Proceedings Law ("RPAPL") Article 7 provides the causes of action for those summary proceedings — RPAPL 711 ("Grounds where landlord-tenant relationship exists") and RPAPL 713 ("Grounds where no landlord-tenant [*3]relationship exists")  and the exclusive list of persons who may maintain such proceedings (RPAPL 721 ["Person who may maintain proceeding"]). Clearly, this court has subject matter jurisdiction over nonpayment proceedings commenced by a duly appointed receiver to collect rent arrears that have accrued pursuant to an agreement to pay rent.
Relevant in Dulberg, and relevant here, is RPAPL 711 (2), which authorizes a nonpayment proceeding when "[t]he tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held (emphasis added)." Here, unlike Dulberg, petitioner's appointment has not expired; thus, petitioner has standing to maintain a proceeding in Housing Court. (RPAPL 721 [9].) However, petitioner must also have a valid cause of action authorized by RPAPL Article 7. As stated in Dulberg, "[c]learly, the statute does not give a person the right to maintain a summary proceeding solely because such person enjoys the status of receiver." (Dulberg, 68 AD2d at 328.) Critically, here, unlike Dulberg, there is no lease either between respondent and petitioner or petitioner's predecessor in interest. In fact, there is no "agreement" between petitioner and respondent to pay rent. Instead, there are Supreme Court orders appointing petitioner as receiver and authorizing petitioner to commence "summary proceedings" to collect rent comprising ongoing common charges and all assessments. However, Supreme Court cannot require the Housing Court to adjudicate a summary proceeding which lacks a basis in Article 7 of the RPAPL.[FN1]
Nor can the Supreme Court "deem" respondent to be a "tenant" as defined by RPAPL 711 (1).
Put another way, summary proceedings to recover possession of real property commenced in Housing Court are a statutory creation which are governed almost entirely by RPAPL Article 7. While a receiver may maintain a summary nonpayment proceeding where circumstances allow, a summary nonpayment proceeding must be supported by an agreement to pay rent under which the premises are held. (RPAPL 711 [2].) As stated in Dulberg, "There must be some relationship between the petitioner and the tenant within the purview of the statute justifying the entertainment of the suit by the Civil Court." (Dulberg, 68 AD2d at 329.) [FN2]

In Prosnitz v Augustus, 175 Misc 2d 582 (Civ Ct, New York County 1998), citing to Frisch v Bellmarc Mgmt., Inc., 190 AD2d 383 (1st Dept 1993), the court held that a receiver had [*4]no cause of action against a condominium owner for nonpayment of rent. because "condominium ownership is a form of fee ownership of property, and not a leasehold interest involving a landlord-tenant relationship." (Frisch at 385.) [FN3]
In dismissing the proceeding, the Proznitz court reasoned that because there was no landlord-tenant relationship between the parties, "[the receiver's] right to successfully bring a summary proceeding, if at all, derived from RPAPL 713, which governs situations where no landlord and tenant relationship exists." The court found that there was no proceeding pursuant to RPAPL 713 under which the receiver could proceed. [FN4]
As stated in Datta v Dasrath-Mark, 16 Misc 3d 1118(A), 2007 NY Slip Op 51467(U) (Nassau Dist Ct 2007), "A summary proceeding for possession of real property is a statutory remedy and petition must be strictly construed and, if petitioner cannot fit his situation into one of the categories in the statutes, he must be relegated to his action in ejectment (citation and quotation marks omitted)." (Id., *2.)
Here, petitioner has failed to state a cause of action under the statute.
CONCLUSION
Accordingly, it is
ORDERED that pursuant to CPLR 409 (b) this proceeding is dismissed without prejudice as petitioner does not have a cause of action pursuant to RPAPL 711 (2) against respondent for nonpayment of rent.
Respondent's arguments  to the extent they can be extricated from the plethora of arguments that are without merit, or from the prayers for relief which this court is without power to adjudicate — need not be considered.
The parties need not appear for a continued trial on May 20, 2025.
This constitutes the decision and order of this court.
Dated: May 13, 2025
Brooklyn, NY
HON. KAREN MAY BACDAYAN
Judge, Housing Part

Footnotes

Footnote 1:There is one trial court case that this court was able to locate which found "as a matter of law"  without analysis or support  that once a receiver is appointed by the court, it need not receive any "specific authority [from said court] to commence a summary proceeding" as such authority is "implied" and "inherent." Cubita v Westchester Furniture Exch., 88 Misc 2d 497, 498 (Mount Vernon City Court 1976). Cubita has never been cited for this proposition, not even by petitioner herein.

Footnote 2: Petitioner also cites to Miller v Noonan, 32 Misc 3d 71 (App Term, 2d Dept 2011), a licensee holdover proceeding brought against the respondents by a court-appointed receiver. However, petitioner's reliance on Noonan is misplaced. First, unlike here, Noonan involves a proceeding under RPAPL 713, which (unlike RPAPL 711) provides causes of action for proceedings where there is no landlord-tenant relationship between the parties to the proceeding. Second, the focus of the Noonan court was whether the receiver's appointment remained extant so as to confer standing as a receiver under RPAPL 721 (9), a threshold issue which petitioner here has already traversed.

Footnote 3:See also Board of Mgrs. of Hillcroft Townehouse Condominium v Anderson, NYLJ, Aug. 25, 1993 at 25, col 5, 21 HCR 432A (Yonkers City Ct 1993) (granting condominium owner's motion to dismiss receiver's nonpayment petition "due to the failure of the petitioner to demonstrate the landlord-tenant relationship[.]")

Footnote 4:Compare Padernacht v Doe, 38 Misc 3d 825, 829 (Civ Ct, Bronx County 2012) (denying respondent's motion to dismiss a licensee holdover proceeding commenced pursuant to RPAPL 713 (7) on the basis that "reading the [appointing] orders as a whole," the Supreme Court authorized the receiver "to forthwith take charge and enter into possession of the property," and RPAPL 713 (7) provided a cause of action.