■ BANQUE ARABE ET INTERNATIONALE D'INVESTISSEMENT, Plaintiff, and ONE PM, LLC, Respondent, v ONE TIMES SQUARE LIMITED PARTNERSHIP et al., Defendants, SPECTACOLOR, INC., Appellant. SONY CORPORATION OF AMERICA, Respondent. [636 NYS2d 299] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 4, 1995, which, *inter alia,* granted respondent One PM's motion for a writ of assistance as against Spectacolor, Inc., awarded respondent One PM damages against Spectacolor for use and occupancy after March 21, 1995, to be determined at a hearing, and denied defendant Spectacolor's motion to add Sony Corporation of America as a party to the foreclosure action, unanimously modified, on the law, to the extent of vacating the third decretal paragraph of the order awarding One PM damages against Spectacolor for use and occupancy after March 21, 1995, and otherwise affirmed, without costs.

The Receiver's demand and receipt of rent from defendant tenant Spectacolor after the order and judgment of foreclosure, but prior to the actual sale to respondent One PM, did not create a new tenancy by estoppel or bind One PM, which purchased the foreclosed premises at judicial sale. The language of the order and judgment of foreclosure herein does not require departure from the general rule that the right and interest of a defendant joined in a foreclosure action becomes barred and foreclosed upon the actual sale and conveyance made thereunder and not on the date of entry of the judgment of foreclosure (*Dulberg v Ebenhart,* 68 AD2d 323, 327). In any event, One PM received its title from the Referee acting as the agent for the court (*see, Jorgenson v Endicott Trust Co.,* 100 AD2d 647, 648), and accordingly, the Receiver's actions do not bind the ultimate purchaser at foreclosure. However, in grant-

ing a writ of assistance the court improperly awarded damages for use and occupancy for the period after the date of the judicial sale. Upon such sale, the foreclosure proceeding was terminated. We have considered defendant-appellant's other contentions and find them to be without merit. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.