■ STEPHANIE CARNAVALLA et al., Appellants-Respondents, v REMO FERRARO, Respondent-Appellant. [722 NYS2d 47] —In an action to recover damages for the wrongful refusal to honor a right to redeem a mortgage, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated June 5, 2000, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and the defendant cross-appeals from so much of the same order as denied that branch of his motion which was to impose a sanction and for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs, and the complaint is reinstated.

The execution of a contract for the purchase of real estate and the making of a partial payment gives the contract vendee equitable title to the property (*see, Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400; *Bean v Walker,* 95 AD2d 70, 72). Thus, where an action to foreclose a mortgage is commenced, a contract vendee, who holds an equitable interest in the property derived from the mortgagor, has a common-law right to redeem the mortgage prior to the foreclosure sale by tendering the principal and interest due thereon (*see, Barclay's Bus. Credit v Stewart,* 242 AD2d 647; *Polish Natl. Alliance v White Eagle Hall Co., supra*).

The Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment on the ground that the plaintiffs had no right to redeem the mortgage. Although the mortgagor entered into the contract to sell the property to the plaintiffs after a judgment of foreclosure and sale had been entered against him, the entry of such a judgment does not divest the mortgagor of his title and interest in the property until the sale is actually conducted (*see, Nutt v Cuming,* 155 NY 309; *Banque Arabe Et Internationale D'Investissement v One Times Sq. Ltd. Partnership,* 223 AD2d 384; *Dulberg v Ebenhart,* 68 AD2d 323; *Cohn v Freshwater Wetlands Appeals Bd.,* 150 Misc 2d 807; *see also,* 1 Bergman, New York Mortgage Foreclosures § 2.05 [1]; 2 Bergman, *op cit.,* § 27.01 [2], [5]). Thus, the mortgagor had the capacity to enter into a contract to sell the property to the plaintiffs (*see, Nutt v Cuming, supra; Banque Arabe Et Internationale D'Investissement v One Times Sq. Ltd. Partnership, supra*). Since the plaintiffs were contract vendees of the mortgagor, the Supreme Court erred in concluding that they had no right to demand that the defendant mortgagee allow them to redeem the mortgage before the foreclosure sale (*see, Barclay's Bus. Credit v Stewart, supra; Polish Natl. Alliance v White Eagle Hall Co., supra*).

The defendant's remaining contentions are without merit. Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.