■ BETHEL UNITED PENTECOSTAL CHURCH, INC., Respondent, v WESTBURY 55 REALTY CORP. et al., Appellants, and COUNTY OF NASSAU et al., Respondents. (And Other Titles.) (Appeal No. 1.) BETHEL UNITED PENTECOSTAL CHURCH, INC., Respondent-Appellant, v WESTBURY 55 REALTY CORP. et al., Appellants-Respondent, and COUNTY OF NASSAU et al., Respondents. (And Other Titles.) (Appeal No. 2.) BETHEL UNITED PENTECOSTAL CHURCH, INC., Appellant-Respondent, v WESTBURY 55 REALTY CORP. et al., Respondents, and INCORPORATED VILLAGE OF OLD WESTBURY, Respondent-Appellant. (And Other Titles.) (Appeal No. 3.) [760 NYS2d 60] —In an action, inter alia, to recover damages for breach of contract and for a judgment declaring Westbury 55 Realty Corp. and Interamerican Mortgage Corp. responsible for paying certain agricultural liabilities from funds held in escrow by Peter Zahakos, Esq., as escrow agent, Westbury 55 Realty Corp., Interamerican Mortgage Corp., and Peter Zahakos, Esq., as escrow agent, appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered October 18, 2001, as granted those branches of the motion of the Incorporated Village of Old Westbury and the cross motion of the Westbury School District which were for summary judgment dismissing their cross claim for strict foreclosure insofar as asserted against them, in effect declared that tax liens against the subject real property representing agricultural liabilities pursuant to Agriculture and Markets Law § 306 (2) (a) (i) were valid, and granted those branches of the cross motion of Bethel United Pentecostal Church, Inc., which were for summary judgment declaring that Westbury 55 Realty Corp. was obligated to pay any agricultural liabilities found to be due and directing that the escrow funds held by Peter Zahakos, Esq., be applied for that purpose, and (2) from so much of a judgment of the same court, dated March 26, 2002, as declared that the subject property had been converted from agricultural to nonagricultural use, directed Westbury 55 Realty Corp. to pay the agricultural liabilities to the Incorporated Village of Old Westbury, the County of Nassau, and the Westbury School District, directed Peter Zahakos, Esq., as escrow agent, to pay and apply escrow monies pro rata to the extent that such escrow funds could cover the agricultural liabilities, and awarded damages for breach of contract in favor of Bethel United Pentecostal Church, Inc., and against Westbury 55 Realty Corp. in the principal sum of $897,608.10, to be reduced by any amount

actually applied or paid from the escrow fund to satisfy the agricultural liabilities due, and Bethel United Pentecostal Church, Inc., cross-appeals from so much of the same judgment as determined that the amount of the agricultural liability lien against the subject property was $806,404.98 together with interest on the unpaid agricultural liabilities at the rate of 6% per annum, and (3) Bethel United Pentecostal Church, Inc., appeals, as limited by its brief, from so much an order of the same court, entered August 8, 2002, as denied its motion to resettle the decretal paragraphs of the judgment, and the Incorporated Village of Old Westbury cross-appeals, as limited by its brief, from so much of the same order as denied its separate motion to resettle the decretal paragraphs of the judgment.

Ordered that the appeal from the order entered October 18, 2001, is dismissed; and it is further,

Ordered that the cross appeal by Bethel United Pentecostal Church, Inc., from the judgment is dismissed, without costs or disbursements, as that party is not aggrieved by the portion of the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by Westbury 55 Realty Corp., Interamerican Mortgage Corp., and Peter Zahakos, Esq., as escrow agent; and it is further,

Ordered that the appeal and cross appeal from the order entered August 8, 2002, are dismissed, as no appeal lies from an order denying resettlement of decretal paragraphs of a prior judgment (see Lipkins v Tesler, 277 AD2d 358 [2000]; Kubick v Kubick, 261 AD2d 300 [1999]; Men's World Outlet v Steinberg, 101 AD2d 854 [1984]); and it is further,

Ordered that one bill of costs is awarded to the Incorporated Village of Old Westbury and the Westbury School District, payable by Westbury 55 Realty Corp., Interamerican Mortgage Corp., and Peter Zahakos, Esq., as escrow agent.

The appeal from the intermediate order entered October 18, 2001, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

This matter concerns real property located in the Incorporated Village of Old Westbury (hereinafter the Village), which is presently owned by Bethel United Pentecostal Church, Inc. (hereinafter the Church). The Church had acquired title to the

property on or about June 25, 1999, from Westbury 55 Realty Corp., for the purpose of building a church thereon. Westbury 55 Realty Corp. held a purchase- money mortgage for a portion of the purchase price paid by the Church, which was assigned to an entity affiliated with Westbury 55 Realty Corp., Interamerican Mortgage Corp. (hereinafter collectively referred to as Westbury 55), shortly after the closing of the sale. Westbury 55 had previously acquired title to the property through a referee's deed dated December 4, 1998, which deed was issued pursuant to a foreclosure sale, in accordance with a judgment of foreclosure and sale entered on or about July 29, 1991. The owner of the property at the time of the foreclosure was Waverly Hills Horse Farms (hereinafter Waverly), which had used the property as a commercial horse farm.

Beginning in 1981, the property benefitted from a reduced agricultural assessment pursuant to agricultural commitments entered into by the then owners, pursuant to Agriculture and Markets Law article 25AA. In 1994, Waverly continued the reduced assessment by entering into a commitment which required the continued utilization of the property for agricultural purposes for the next eight years. Failure to use the property for such purposes subjected the property to the imposition of agricultural liabilities under Agriculture and Markets Law § 306 (2) (a) (i). Agricultural liabilities constituted an amount equal to "five times the taxes saved in the last year in which [the] land benefited from an agricultural assessment, plus interest of six percent per year compounded annually for each year in which an agricultural assessment was granted, not exceeding five years" (Agriculture and Markets Law § 306 [2] [a] [i]).

In view of the 1994 agricultural commitment which encumbered the property, the Church negotiated with Westbury 55 to remove the encumbrance prior to closing. Having failed to do so, the Church and Westbury 55 entered into an agreement as part of the purchase-money mortgage whereby the latter agreed to obtain a "No-Action" document from the relevant taxing authorities. If the no-action document was not obtained before construction began, the Church had the right to pay the agricultural liabilities and deduct that amount from the principal due on the mortgage. If the mortgage was paid off before the no-action document was obtained, the sum of $670,000 was to be deducted from the mortgage debt and held in escrow by Peter Zahakos, Esq., as escrow agent.

In October 1999 the Church refinanced the mortgage, thereby paying off its mortgage debt to Westbury 55. Westbury 55 had

not yet taken any steps to obtain the no-action document. As part of the refinancing, $670,000 was held in escrow by Zahakos as an available fund to pay any agricultural liabilities that might arise as a result of the termination of the agricultural assessment.

In November 1999 Westbury 55 commenced a strict foreclosure action against the relevant taxing authorities, including the Village, the Westbury School District (hereinafter the District), and the County of Nassau, inter alia, challenging the imposition of the agricultural liabilities. The Church declined Westbury 55's request to join as a party plaintiff in that action. Nonetheless, that action was dismissed on the ground that Westbury 55 lacked standing to commence it, since it no longer had any interest in the property.

On February 29, 2000, the County served an agricultural assessment notice of conversion and payment due that determined the agricultural liabilities due to be $123,488.04 to the County and $550,192.71 to the District. Thereafter, the Village determined that the agricultural liabilities due it was $145,598.07. It is undisputed that at least a portion of the property had been converted to a nonagricultural use before the eight-year commitment was to expire, while the remaining portion thereof was left fallow.

After Westbury 55 refused to release the escrow funds to pay the agricultural liabilities, the Church commenced this action, inter alia, for specific performance of its agreement with Westbury 55 pursuant to which the agricultural liabilities were the latter's responsibility, a judgment declaring that the agricultural liabilities are Westbury 55's responsibility and not the Church's, and for damages for breach of contract. Westbury 55, inter alia, asserted strict foreclosure cross claims against the Village and the District to extinguish the agricultural liabilities. Westbury 55 also asserted a counterclaim against the Church for a judgment declaring that it was not responsible for paying the agricultural liabilities because the Church breached their agreement by failing to join in the prior strict foreclosure action.

Contrary to Westbury 55's contention, the Supreme Court properly granted those branches of the Village's motion and the District's cross motion which were to dismiss the strict foreclosure cross claim and to uphold the agricultural liabilities tax lien. Westbury 55's argument that Waverly lacked the authority to encumber the property with the eight-year 1994 agricultural commitment because of the 1991 judgment of foreclosure and sale is without merit. The entry of a judgment of

foreclosure and sale does not divest the mortgagor of its title and interest in the property until the sale is actually conducted (*see Nutt v Cuming,* 155 NY 309 [1898]; *Carnavalla v Ferraro,* 281 AD2d 443, 444 [2001]; *Banque Arabe Et Internationale D'Investissement v One Times Sq. Ltd. Partnership,* 223 AD2d 384 [1996]; *Dulberg v Ebenhart,* 68 AD2d 323, 327 [1979]). Here, the actual sale pursuant to the 1991 judgment of foreclosure and sale did not occur until 1996, after the 1994 agricultural commitment was entered into. The strict foreclosure cross claim was properly dismissed because the agricultural liabilities constitute a superior tax lien, which cannot be extinguished by strict foreclosure (*see* RPAPL 1352; Agriculture and Markets Law § 306 [2] [a] [i], [ii]; *6820 Ridge Realty v Goldman,* 263 AD2d 22 [1999]; *Matter of Karlin Farms v Board of Assessors of Town of Riverhead,* 197 AD2d 32 [1994]; *Kronenberg v Ellenville Nurseries & Greenhouses,* 22 Misc 2d 247 [1960]). Further without merit is Westbury 55's claim that inasmuch as only a portion of the property was converted to Church use, any sustainable agricultural liabilities must be reduced accordingly (*see Matter of Karlin Farms v Board of Assessors of Town of Riverhead, supra*; 6 Ops Counsel SBEA No. 66).

Those branches of the Church's cross motion which were for summary judgment seeking a declaration that Westbury 55 was obligated to pay any agricultural liabilities found to be due and that the escrow funds were to be applied for that purpose were also property granted. Since strict foreclosure was not an available remedy to extinguish the agricultural liabilities, there is no merit to Westbury 55's contention that the Church breached its implicit obligation to act in good faith (*see Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.,* 30 NY2d 34 [1972], *cert denied* 409 US 875 [1972]), by refusing to join the prior strict foreclosure action. Therefore, Westbury 55 was not relieved by any purported breach of contract by the Church from its unambiguous and explicit obligations to pay the agricultural liabilities arising from its failure to obtain the no-action document (*see 1550 Fifth Ave. Bay Shore v 1550 Fifth Ave.,* 297 AD2d 781, 783 [2002]; *Madison Invs. v Cohoes Assoc.,* 176 AD2d 1021 [1991]).

Westbury 55's remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.