OPINION OF THE COURT
Herbert Kramer, J.
*720 When does title pass in a foreclosure action? This court holds that title passes only when the foreclosure sale is completed. Defendant Bank of New York (BNY) moves to dismiss the complaint based on the assertion that it was not the owner of the property on the date of the accident and therefore owed no duty to the plaintiff.
Plaintiff Duncan Forbes allegedly tripped and fell due to the sidewalk being broken adjacent to 11-74 New York Avenue, Brooklyn, New York, a multiple dwelling (the property) on March 1, 2008. At that time, the property was the subject of a foreclosure action instituted by BNY on July 26, 2006, in the Supreme Court of the County of Kings.
A judgment of foreclosure and sale was granted on December 11, 2007. The foreclosure sale was held on August 14, 2008, at which time the property was sold to BNY. The referee’s deed was executed on August 14, 2008. In the interim between the signing of the judgment of foreclosure and sale and the actual sale, the accident occurred. It is the plaintiffs contention that BNY was an “equity owner” during the time period between the granting of the judgment of foreclosure and sale and the actual sale of the property. This court disagrees.
Plaintiff asserts that BNY’s payments of New York City taxes and property preservation fees gave rise to an “equitable owner” status. However, in the case of multiple dwellings, such as here, a mortgagee prosecuting a foreclosure action is not charged with repairs of the property and a duty to repair cannot be created by arguing the applicability of equity. (Union Sav. Bank v 285 Lafayette Assoc., NYLJ, May 20, 1992, at 22, col 3 [Sup Ct, NY County, Sklar, J.].)
“[The] purpose of the judgment of foreclosure and sale is to divest the mortgagor of title ... It should be understood though, that this objective is achieved only when the foreclosure sale is [completed]. Divestiture of title does not occur upon issuance of the judgment, but rather upon the [completion] of the sale authorized and empowered by the judgment.” (2-27 Bergman on New York Mortgage Foreclosures § 27.01 [2]; Da Costa v Hamilton Republican Club of Fifteenth Assembly Dist., 187 Misc 865 [1946]; Banque Arabe Et Internationale D'Investissement v One Times Sq. Ltd. Partnership, 223 AD2d 384 [1996]; Dulberg v Ebenhart, 68 AD2d 323 [1979]; Carnavalla v Ferraro, 281 AD2d 443 [2001].)
*721 Therefore, Aaron was the titleholder and legal owner at the time of the accident. The judgment of foreclosure and sale did not divest her of title nor did it serve to transfer title to BNY. At the time of the accident, defendant BNY had no duty in law or equity to maintain or repair the property. The defendant BNY’s motion is granted.