■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KLEM, Appellant. [915 NYS2d 607]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered December 16, 2008, convicting him of burglary in the third degree and criminal trespass in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of burglary in the third degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for a new trial on that charge.

The defendant was charged with criminal trespass in the third degree for entering upon the complainant's property, which was "fenced or otherwise enclosed in a manner designed to exclude intruders" (Penal Law § 140.10 [a]), and with burglary in the

third degree, for allegedly entering without permission into the abandoned building thereon, with the intent to steal a hot water heater.

Contrary to the defendant's contention, the People did not fail to prove the element of unlawfulness beyond a reasonable doubt and, thus, the evidence was legally sufficient to support his conviction on these charges, and the verdict was not against the weight of the evidence. While a judgment of foreclosure and sale had been entered against the complainant, the complainant had not been divested of her interest in the property at the time of the incident because the property had not yet been sold (*see Nutt v Cuming*, 155 NY 309 [1898]; *Carnavalla v Ferraro*, 281 AD2d 443, 444 [2001]; 2-27 Bergman on New York Mortgage Foreclosures § 27.01 [2]). Accordingly, the complainant's testimony that she did not consent to the defendant's entry onto the property, or into the building thereon, established the unlawfulness element of the charged offenses (*see* Penal Law §§ 140.10, 140.00 [5]; *People v Graves*, 76 NY2d 16, 20 [1990]; *People v Newgent*, 216 AD2d 588 [1995]).

Nevertheless, the defendant's conviction on the count of burglary in the third degree must be vacated, and a new trial held on that charge. As relevant to that charge, the defendant sought to call a witness who allegedly would have testified that, on the day of the incident, a hot water heater was taken from her property, and that her property abutted property owned by the employer of one of the codefendants. This testimony was relevant to the theory of defense, which was that the hot water heater that was seen in the defendants' possession by the People's witnesses had not been taken from the building on the complainant's property, and also would have served to impeach the credibility of the People's principal witnesses on the material issues of whether the defendants entered the complainant's building, and whether they did so with the intent of committing a crime therein.

Accordingly, the Supreme Court's determination to quash the subpoena served upon this witness on the ground that the witness's testimony was irrelevant was error which deprived the defendant of his constitutional right to present a defense to the charge of burglary in the third degree (*see People v Perez*, 40 AD3d 1131, 1132 [2007]; *People v Ocampo*, 28 AD3d 684, 685-686 [2006]; *People v Legrande*, 176 AD2d 351, 352 [1991]).

In light of our determination, we need not reach the defendant's remaining contention. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.