■ DUNCAN FORBES, Appellant, v LINDA D. AARON et al., Defendants, and BANK OF NEW YORK, as Trustee for the CERTIFICATE HOLDERS OF CWABS INC. ASSET-BACKED CERTIFICATE SERIES 2005-11, et al., Respondents. [918 NYS2d 118]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated March 4, 2010, which, in effect, granted that branch of the motion of the defendants Bank of New York, as trustee for the certificate holders of CWABS Inc. asset-backed certificate series 2005-11, and the Bank of New York Mellon Corporation which was to dismiss the complaint, in effect, pursuant to CPLR 3211 (a) (1) insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On March 1, 2008, the plaintiff sustained injuries when he allegedly tripped and fell on the sidewalk in front of a four-family dwelling in Brooklyn (hereinafter the property). At the time of the accident, the defendant Linda D. Aaron was the title owner of the property.

Prior to the plaintiff's accident, the defendant Bank of New York, as trustee for the certificate holders of CWABS Inc. asset-backed certificate series 2005-11 (hereinafter BNY), together with the defendant Bank of New York Mellon Corporation, commenced a foreclosure proceeding with respect to the property. Eventually, the property was sold at auction to BNY on August 14, 2008, more than five months after the accident.

The plaintiff commenced this action to recover damages for his personal injuries premised upon a theory of negligence. He named Aaron and BNY, among others, as defendants, alleging that they owned the property.

BNY moved, inter alia, to dismiss the complaint, in effect, pursuant to CPLR 3211 (a) (1) on the ground that it owed no duty of care to the plaintiff since it was not the owner of the property until after the accident occurred. The plaintiff opposed the motion.

The Supreme Court granted that branch of the motion which was to dismiss the complaint, in effect, pursuant to CPLR 3211 (a) (1). The plaintiff appeals, and we affirm.

"A motion to dismiss a complaint based on documentary evidence 'may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1128 [2009], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Fontanetta v John Doe 1*, 73 AD3d 78 [2010]). Deeds, mortgages, and notes can qualify as "documentary evidence" for the purpose of CPLR 3211 (a) (1) (*see Datena v JP Morgan Chase Bank*, 73 AD3d 683 [2010]; *Crepin v Fogarty*, 59 AD3d 837 [2009]; *Bronxville Knolls v Webster Town Ctr. Partnership*, 221 AD2d 248 [1995]; *see also Fontanetta v John Doe 1*, 73 AD3d 78 [2010]; *compare Suchmacher v Manana Grocery*, 73 AD3d 1017, 1017 [2010]).

It is fundamental that, in order to be held liable in tort, the alleged tortfeasor must have owed the injured party a duty of care (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 584 [1994]). As a general rule, liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (*see Kydd v Daarta Realty Corp.*, 60 AD3d 997, 998 [2009]; *Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729 [2008]; *Dugue v 1818 Newkirk Mgt. Corp.*, 301 AD2d 561 [2003]). Since the subject property was a four-family multiple dwelling, Administrative Code of the City of New York § 7-210 shifted liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner.

"The entry of a judgment of foreclosure and sale does not divest the mortgagor of its title and interest in the property until the sale is actually conducted" (*Bethel United Pentecostal Church v Westbury 55 Realty Corp.*, 304 AD2d 689, 692-693 [2003]; *see Nutt v Cuming*, 155 NY 309 [1898]; *Carnavalla v Ferraro*, 281 AD2d 443 [2001]). Therefore, Aaron retained her title and interest in the property subsequent to the issuance of the judgment of foreclosure and sale until the date of the public auction, August 14, 2008, which took place after the accident occurred.

Accordingly, the Supreme Court properly granted BNY's motion, finding that the note, mortgage, and referee's deed submitted by BNY in support of its motion established a defense as a matter of law to the plaintiff's allegations of BNY's ownership and control of the premises at the time of his accident (*see Pol-

*lard v Credit Suisse First Boston Mtge. Capital, LLC*, 66 AD3d 862, 863 [2009]; *Greenpoint Bank v John*, 256 AD2d 548 [1998]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur. **[Prior Case History: 27 Misc 3d 719.]**