■ CITIGROUP GLOBAL MARKETS, Appellant, v RICHARD INFANTE et al., Defendants, and SOVEREIGN BANK, Respondent. [23 NYS3d 246]—

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated February 14, 2013, as granted the motion of the defendant Sovereign Bank pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2007, the plaintiff's predecessor in interest, Option One Mortgage Corporation (hereinafter Option One), loaned the sum of $531,000 to the defendant Richard Infante to purchase certain premises. The loan was secured by a mortgage against the premises. At the time of the purchase, the premises was encumbered by an earlier recorded mortgage, held by Impac Funding Corporation (hereinafter Impac), and serviced by GMAC Mortgage, LLC (hereinafter GMAC).

Prior to closing on the loan, Option One provided to its closing attorney, Abrams Garfinkel Margolis and Bergson, LLP (hereinafter Abrams), a check for a portion of the $531,000, in the sum of $409,900, which was intended to satisfy Impac's mortgage on the premises. At the closing, Abrams allegedly provided the title agent with a check in the sum of $409,900, payable to GMAC, to satisfy Impac's mortgage. The check was drawn on Abrams' escrow account at the defendant Sterling National Bank (hereinafter Sterling). The check allegedly was never received by GMAC. Instead, it was deposited by an unknown person into an account in the name of "Property Management Group" at the defendant Sovereign Bank (hereinafter Sovereign), with the forged endorsement, "Property Management Group f/b/o GMAC." Thus, Impac's mortgage was never paid off.

The plaintiff subsequently commenced this action to foreclose its mortgage, and Impac intervened, alleging that the plaintiff's mortgage was subordinate to its mortgage. Thereafter, Abrams assigned to the plaintiff any and all claims it may have against Sterling and Sovereign in connection with the subject check. The plaintiff then amended its complaint to allege causes of action against Sterling and Sovereign, inter alia, for indemnification, breach of contract, negligence, unjust enrichment, and/or money had and received. The Supreme Court granted Sovereign and Sterling's respective motions pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against each of them. The plaintiff appeals from so much of the order as granted Sovereign's motion to dismiss the amended complaint insofar as asserted against it.

When determining a motion to dismiss pursuant to CPLR 3211 (a), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). In assessing a motion under CPLR 3211 (a) (7), a court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint and "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Leon v Martinez,* 84 NY2d at 88 [internal quotation marks omitted]).

In general, the drawer of a check paid by a depositary bank over a forged endorsement "has no cause of action against the depositary [bank] for the obvious reason that either the forgery is effective to transfer the instrument . . . or if it is not, the depositary [bank] has received nothing of the drawer for which the drawer may recover" (*Spielman v Manufacturers Hanover Trust Co.,* 60 NY2d 221, 224 [1983]; *see Underpinning & Found. Constructors v Chase Manhattan Bank, N.A.,* 46 NY2d 459, 464 [1979]; *Maldonado v Aetna Cas. & Sur. Co.,* 184 AD2d 553 [1992]; *cf. B.D.G.S., Inc. v Balio,* 8 NY3d 106, 112-113 [2006]). However, the drawer of a check may sue a depositary bank which accepts and pays the amount of a check with a forged restrictive endorsement in those " 'comparatively rare instances' [in which] the depositary [bank] has acted wrongfully and yet the drawee has acted properly in honoring the check because the forgery is effective" (*Spielman v Manufacturers Hanover Trust Co.,* 60 NY2d at 224-225, quoting *Underpinning & Found. Constructors v Chase Manhattan Bank, N.A.,* 46 NY2d at 466).

Here, the Supreme Court properly determined that the

plaintiff failed to state a cause of action against Sovereign. In this case, as the assignee of Abrams, the plaintiff may pursue any claims that Abrams has in its status as the drawer of the subject check. The plaintiff alleged in the complaint that both Sovereign, as the depositary bank, and Sterling, as the drawee bank, acted improperly. Thus, the rare instance set forth in *Underpinning*, which is implicated when the depositary bank has acted wrongfully, yet the drawee has acted properly, is inapplicable (*see Underpinning & Found. Constructors v Chase Manhattan Bank, N.A.*, 46 NY2d at 466; *see also Horovitz v Roadworks of Great Neck*, 76 NY2d 975, 976 [1990]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted Sovereign's motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.