■ HENRY H. RAY, JR., Appellant, v JPMORGAN CHASE BANK, N.A., Successor by Merger to CHASE HOME FINANCE, Respondent. [45 NYS3d 108]—

In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 14, 2014, which denied his motion to stay enforcement of a warrant of eviction and granted the defendant's cross motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 2006, Chase Home Finance, LLC (hereinafter CHF), commenced an action against Helen Murray to foreclose a mortgage given by Murray encumbering property she owned in Dix Hills. The plaintiff, Henry H. Ray, Jr., who resided at the property at the time, was named as a defendant in that action, and was served with a copy of the summons and complaint. Murray and Ray defaulted in answering the complaint or appearing in that action, and CHF obtained a judgment of foreclosure and sale, which was entered on October 30, 2007. Thereafter, Murray executed a deed dated December 14, 2007, conveying her interest in the property to Ray. On November 21, 2008, the property was sold to CHF at public auction, and title was conveyed to CHF by referee's deed. A holdover proceeding was later commenced in the District Court, Suffolk County, by the defendant, JP Morgan Chase Bank, N.A., successor by merger to CHF (hereinafter Chase). The District Court eventually awarded possession to Chase and in June 2013, a warrant of eviction was issued commanding the sheriff to remove Ray from the property.

In August 2013, Ray commenced the instant action, inter alia, pursuant to RPAPL article 15 to quiet title to the premises and to recover damages for fraud. Ray simultaneously moved to stay enforcement of the warrant of eviction. Chase opposed the motion and served a pre-answer cross motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court denied Ray's motion and granted Chase's cross motion, determining that, pursuant to the judgment of foreclosure and sale, Ray no longer owned the property, and

that the complaint failed to set forth viable causes of action, inter alia, to recover damages for fraud. Ray appeals.

To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as a deed or other instrument, that is actually invalid or inoperative (*see* RPAPL 1515; *Acocella v Wells Fargo Bank, N.A.*, 139 AD3d 647, 649 [2016]; *Acocella v Bank of N.Y. Mellon*, 127 AD3d 891, 892-893 [2015]).

A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint based on documentary evidence may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Jahan v U.S. Bank N.A.*, 127 AD3d 926 [2015]). When determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). In assessing a motion under CPLR 3211 (a) (7), a court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint (*see Leon v Martinez*, 84 NY2d at 88; *Citigroup Global Mkts. v Infante*, 134 AD3d 758 [2015]).

"A judgment entered in a foreclosure action is final for all purposes of review, but in other respects it is interlocutory. . . . The provision barring others of their interest in, or of their rights of equity of redemption in the mortgaged premises, of necessity relates to the final concluding act, that of a sale of the premises" (*Nutt v Cuming*, 155 NY 309, 313 [1898]). "The entry of a judgment of foreclosure and sale does not divest the mortgagor of its title and interest in the property until the sale is actually conducted" (*Bethel United Pentecostal Church v Westbury 55 Realty Corp.*, 304 AD2d 689, 692-693 [2003]; *see Forbes v Aaron*, 81 AD3d 876, 877 [2011]; *People v Klem*, 80 AD3d 777, 778 [2011]). Thus, until a foreclosure sale is conducted, a mortgagor has the capacity to enter into a contract to sell the property (*see Nutt v Cuming*, 155 NY at 313; *Carnavalla v Ferraro*, 281 AD2d 443 [2001]).

Accordingly, until such time as the foreclosure sale took place on November 21, 2008, Murray remained the owner of the premises, and could, and did, transfer her full interest in the premises to Ray via the deed dated December 14, 2007 (*see Zoller v HSBC Mtge. Corp. [USA]*, 135 AD3d 932, 932-933

[2016]; *Carnavalla v Ferraro*, 281 AD2d at 443). However, since Ray was made a defendant in the foreclosure action, all his interest in the property was foreclosed once the property was sold at auction and the title was conveyed to CHF via the referee's deed (*see Nutt v Cuming*, 155 NY at 312).

Further, the complaint did not sufficiently allege fraud (*see Deutsche Bank Co. of Cal., N.A. v DePalo*, 38 AD3d 490 [2007]). Even considering Ray's affidavit submitted in opposition to the cross motion to dismiss, the bare, conclusory allegations that he was denied his right of redemption because CHF acted in "bad faith" by failing to provide him with a payoff letter are insufficient to allege a cause of action to recover damages for fraud (*see Shaffer v Gilberg*, 125 AD3d 632 [2015]; *Paolino v Paolino*, 51 AD3d 886 [2008]).

Ray's remaining contentions are without merit. Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.