Russell v Pisana (2018 NY Slip Op 05789)





Russell v Pisana


2018 NY Slip Op 05789


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-00056
 (Index No. 35158/15)

[*1]Robert L. Russell, et al., respondents, 
v
Joseph Pisana, appellant.


Gene W. Rosen, Kew Gardens Hills, NY, for appellant.
Daniel E. Bertolino, P.C., Upper Nyack, NY (Laurie A. Dorsainvil of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated November 23, 2016. The order granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging breach of contract.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging breach of contract is denied.
On September 6, 2013, the plaintiffs and the defendant entered into a contract for the defendant to purchase real property located in Valley Cottage from the plaintiffs for the purchase price of $625,000. The defendant paid a down payment in the sum of $160,000, and the contract provided for the balance of the purchase price to be financed by the plaintiffs over 30 years, with the defendant obligated to make monthly payments of principal and interest in the sum of $2,219.98, plus one-twelfth of the yearly property insurance and taxes, for a total monthly payment of $4,511.93. Upon receipt of all payments required under the contract, the plaintiffs were to furnish the defendant with a warranty deed. A rider to the contract contained a provision providing that in the event the defendant defaulted in making payments under the contract and failed to cure, and that said default resulted in the plaintiffs' inability to pay an existing mortgage on the property, the defendant forfeited all monies paid as liquidated damages, the contract was deemed null and void, and the premises were to be vacated in good condition.
The defendant took possession of the property on December 1, 2013. In September 2015, the plaintiffs, who had retired and moved to Florida, became aware that the defendant was allegedly using the premises illegally as a marijuana grow farm. According to the plaintiffs, there was extensive damage to the premises that caused them to incur expenses. In December 2015, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract.
In June 2016, the defendant ceased making the monthly payments pursuant to the contract. A notice of default dated July 12, 2016, was sent to the defendant. The defendant failed to timely cure his default. Thereafter, the plaintiffs moved for summary judgment on the issue of liability on the breach of contract cause of action based on the default provision in the rider. The [*2]Supreme Court granted the plaintiffs' motion, and the defendant appeals.
"The execution of a contract for the purchase of real estate and the making of a partial payment gives the contract vendee equitable title to the property" (Carnavalla v Ferraro , 281 AD2d 443, 443; see Heritage Art Galleries v Raia , 173 AD2d 441, 441; Bean v Walker , 95 AD2d 70, 72). "[T]he vendor merely holds the legal title in trust for the vendee, subject to the vendor's equitable lien for the payment of the purchase price in accordance with the terms of the contract" (Bean v Walker , 95 AD2d at 74). Accordingly, the vendee under a land sale contract has acquired an interest in the property that must be extinguished before the vendor can resume possession, notwithstanding whether a provision in the contract provides that in the event of the vendee's uncured default in payment, the vendor has the right to declare the contract terminated and repossess the premises (see id .). A vendor may not enforce his rights by an action in ejectment, but must instead proceed to foreclose the vendee's equitable title or bring an action at law for the purchase price (see id .).
The defendant, having executed a contract for the purchase of property from the plaintiffs, and having made substantial payments to the plaintiffs pursuant to the contract, held equitable title to the property (see Carnavalla v Ferraro , 281 AD2d at 443; Heritage Art Galleries v Raia , 173 AD2d at 441; Bean v Walker , 95 AD2d at 72). Under these circumstances, upon the defendant's default in making payments under the contract, the plaintiffs could not seek relief pursuant to the provision of the rider that provided for the contract to be deemed null and void, the premises vacated, and the defendant to forfeit all monies paid as liquidated damages. The plaintiffs were required to proceed to foreclose the defendant's equitable title or bring an action at law for the purchase price (see Bean v Walker , 95 AD2d at 74).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court