Perez v Mendicino (2024 NY Slip Op 01323)

Perez v Mendicino

2024 NY Slip Op 01323

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-00804
2020-02926
 (Index No. 621893/18)

[*1]Fedora A. Perez, appellant, 
v
Michael Mendicino, et al., respondents, et al., defendants.

Paula A. Miller, P.C., Smithtown, NY, for appellant.
Paladino Law Group, P.C., Carle Place, NY (Anthony Iadevaia of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 6, 2020, and (2) an order of the same court dated February 5, 2020. The order dated January 6, 2020, insofar as appealed from, granted the cross-motion of the defendants Michael Mendicino, Millennium Homes, and Suffolk Real Estate Solutions, Inc., for summary judgment dismissing the complaint insofar as asserted against them. The order dated February 5, 2020, granted those defendants' motion to cancel a notice of pendency filed by the plaintiff against the subject property.
ORDERED that the order dated January 6, 2020, is reversed insofar as appealed from, on the law, and the cross-motion of the defendants Michael Mendicino, Millennium Homes, and Suffolk Real Estate Solutions, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied; and it is further,
ORDERED that the order dated February 5, 2020, is reversed, on the law, and the motion of the defendants Michael Mendicino, Millennium Homes, and Suffolk Real Estate Solutions, Inc., to cancel the notice of pendency filed by the plaintiff against the subject property is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2017, the plaintiff and the defendant Millennium Homes (hereinafter Millennium), a real estate brokerage firm, entered into an exclusive listing agreement concerning the short sale of the plaintiff's residence located in Brentwood (hereinafter the property). Although the plaintiff accepted an offer for the purchase of the property, the plaintiff's lender did not approve the short sale. In August 2018, a foreclosure sale of the property was conducted at which the defendant Suffolk Real Estate Solutions, Inc. (hereinafter Suffolk Real Estate), was the successful bidder. Title was transferred to Suffolk Real Estate by a referee's deed dated September 14, 2018.
In November 2018, the plaintiff commenced this action against, among others, Millennium, Suffolk Real Estate, and Michael Mendicino, the owner of Millennium and the president of Suffolk Real Estate (hereinafter collectively the Mendicino defendants), inter alia, to recover damages for breach of fiduciary duty. The complaint alleged that Millennium withheld pertinent information from the plaintiff regarding the status of the short sale, and prevented her from [*2]engaging another broker to complete the short sale, resulting in a foreclosure auction at which Mendicino's company improperly competed with the plaintiff to purchase the property.
In February 2019, the plaintiff moved for a preliminary injunction, inter alia, to enjoin her eviction from the property. The Mendicino defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In November 2019, the Mendicino defendants moved to cancel a notice of pendency filed by the plaintiff against the property. In an order dated January 6, 2020, the Supreme Court, among other things, granted the Mendicino defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them. In an order dated February 5, 2020, the court granted the Mendicino defendants' motion to cancel the notice of pendency. The plaintiff appeals from both orders.
As the plaintiff correctly contends, the Supreme Court improperly awarded the Mendicino defendants summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff sustained no damages as a result of their actions. A court is generally limited to the issues or defenses that are the subject of the motion (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 52, 54). Here, as the Mendicino defendants did not address the issue of damages in support of their cross-motion for summary judgment dismissing the complaint insofar as asserted against them, they failed to establish as a matter of law that the plaintiff sustained no damages as a result of the conduct alleged in the complaint, and summary judgment should not have been awarded on that ground.
The Mendicino defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of fiduciary duty (see Kalaijian v Grahel Assoc., LLC, 193 AD3d 833). "[I]t is well settled that a real estate broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal" (Dubbs v Stribling & Assoc., 96 NY2d 337, 340; see Edwards v Walsh, 169 AD3d 865, 867). Accordingly, "in dealing with the principal, a real estate broker must act honestly and candidly, and the broker must disclose all material information that it may possess or obtain concerning the transactions involved" (Precision Glass Tinting v Long, 293 AD2d 594, 595).
Here, the evidence submitted by the Mendicino defendants failed to establish that Millennium provided the necessary documentation to the plaintiff's lender so that the short sale could proceed, obtained the approval of the plaintiff's lender for the short sale, kept the plaintiff informed of the status of the short sale, and did not hold itself out to other brokers as the plaintiff's listing agent even after the listing agreement had been terminated. Further, the evidence submitted by the Mendicino defendants failed to establish that they did not use confidential information obtained during the fiduciary relationship with the plaintiff to effectuate the purchase of the property (see Midcourt Bldrs. Corp. v Eagan, 31 NY2d 728). Notably, Mendicino's affidavit submitted in support of the cross-motion for summary judgment was insufficient to establish facts surrounding the transaction of which he had no personal knowledge (see CPLR 3212[b]; GMAC Mtge., LLC v Bisceglie, 109 AD3d 874; Currie v Wilhouski, 93 AD3d 816).
The Mendicino defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action pursuant to Real Property Law § 441-c(1)(a) and 19 NYCRR 175.4, alleging that they acted with "untrustworthiness and incompetency" in dealing with the plaintiff and the property. Contrary to the Mendicino defendants' contentions, there exists a private right of action for such offenses (see Real Property Law § 442-e[3]; Sheehy v Big Flats Community Day, 73 NY2d 629, 633). Moreover, the plaintiff remained the owner of the property until the foreclosure sale actually had been conducted (see Ray v JP Morgan Chase Bank, N.A., 145 AD3d 812).
The Mendicino defendants further failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action to impose a constructive trust (see Sharp v Kosmalski, 40 NY2d 119, 121; Rowe v Kingston, 94 AD3d 852).
The Mendicino defendants made no specific argument in support of their cross-motion for summary judgment with respect to the remaining causes of action. Therefore, they failed to establish their prima facie entitlement to judgment as a matter of law dismissing those remaining causes of action insofar as asserted against them.
Accordingly, since the Mendicino defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, the Supreme Court should have denied their cross-motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
As the Mendicino defendants were not entitled to summary judgment dismissing the complaint insofar as asserted against them, their motion to cancel the notice of pendency also should have been denied (see CPLR 6501; Nastasi v Nastasi, 26 AD3d 32).
We do not address the issues that the plaintiff raises with respect to her motion for a preliminary injunction, as that motion was not addressed in either the January 6, 2020 order or the February 5, 2020 order and, thus, remains pending and undecided (see Gottlieb v City of New York, 219 AD3d 591, 593; Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976).
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court