U.S. Bank Trust N.A. v Plaut (2024 NY Slip Op 50425(U))

[*1]

U.S. Bank Trust N.A. v Plaut

2024 NY Slip Op 50425(U)

Decided on April 12, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 12, 2024
Supreme Court, Westchester County

U.S. Bank Trust National Association, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMS SERIES TRUST 2020-1, Plaintiff,

against
Harold J. Plaut A/K/A HAROLD PLAUT A/K/A HAROLD J. PLAUT, JR.; RENATA PLAUT; TIMOTHY C. IDONI, IN HIS CAPACITY AS WESTCHESTER COUNTY CLERK, Defendants.

Index No. 68376/2022

Attorneys for Plaintiff:
Denise Singh Skeete, Esq.
Marvin M. Kelly, Esq.
Kosterich & Skeete, L.L.C.
707 Westchester Ave., Ste. 302
White Plains, New Yok 10604
(914) 395-0055
Attorneys for Defendants Harold J. Plaut and Renata Plaut:
Shannon Cody McKinley, Esq.
McKinley Law PC
30 Forrest Drive
Lloyd Harbor, New York 11743(516) 280-9008
Defendant Timothy C. Idoni, Westchester County Clerk
110 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601 

William J. Giacomo, J.

In this partition action, the following papers, filed on the New York State Courts Electronic Filing system ("NYSCEF") as documents number 1, 19-22 and 28-45, were read on (1) plaintiff's motion for an order granting service by publication upon defendant Renata Plaut, and (2) the cross motion of defendants Harold Plaut and Renata Plaut for an order (a) denying plaintiff's motion, which the Plaut defendants assert is for an order extending time for service [*2]pursuant to CPLR 306-b, and (b) dismissing the complaint pursuant to CPLR 306-b, CPLR 3211(a)(1), (a)(2), (a)(3), (a)(5) and (a)(7).
Papers Considered
1. Notice of Motion/Affirmation in Support of Denise Singh Skeete, Esq./Exhibit A/Affidavit of Service
2. Notice of Cross Motion/ Affirmation in Opposition to Motion and in Support of Cross Motion of Shannon Cody McKinley, Esq./Exhibits A-K
3. Affirmation in Opposition to Cross Motion and in Further Support of Motion of Marvin M. Kelly, Esq./Exhibits A-C/Affidavit of Service
4. Filed Papers: Verified Complaint
FACTUAL AND RELEVANT PROCEDURAL
BACKGROUND
By complaint and notice of pendency filed on November 21, 2022, plaintiff commenced this action seeking a partition and sale of real property located at 22 Morsemere Place, Yonkers, New York 10701 ("Property"). Plaintiff alleges, in the complaint, that the Property cannot be physically partitioned and seeks an order directing Timothy C. Idoni, in his capacity as Westchester County Clerk to record a deed, upon payment of all costs and fees associated with same, demonstrating that interest in the Property is held by plaintiff and defendant Renata Plaut as tenants in common, each with a 50% interest in the Property, and directing the sale of the Property and the apportionment of the sales proceeds. Plaintiff seeks to be paid from the sales proceeds for the principal and interest due under a note and mortgage held by plaintiff on the Property. Plaintiff also seeks an order adjudging that Defendant Harold Plaut pay any deficiency that may remain after applying the sales proceeds.
In the complaint, plaintiff also alleges, in relevant part, as follows: A foreclosure action was commenced by plaintiff's predecessor in interest on the note and mortgage in this court on November 24, 2015, under index no. 69824/2015 ("Foreclosure Action"). In the Foreclosure Action, plaintiff obtained summary judgment against defendant Harold Plaut and default judgment against the non-appearing defendants, including Renata Plaut. A judgment of foreclosure and sale was entered in the Foreclosure Action on October 19, 2018. Prior to the foreclosure sale of the Property, defendant Renata Plaut obtained an order vacating the default judgment as to her. Subsequently, by order entered on August 17, 2022, the court (Murphy, J.) dismissed the Foreclosure Action insofar as alleged against defendant Renata Plaut as barred by the statute of limitations ("Dismissal Order"). The court noted in the Dismissal Order that the Plaut defendants are divorced pursuant to a Judgment of Divorce dated December 19, 2007, defendant Renata Plaut moved out of the Property and agreed to give up her rights to the Property, but did not deed her interest in the Property to defendant Harold Plaut. In the Dismissal Order, the court held that the interest in the Property held by the Plaut defendants as tenancy by the entirety was converted to a tenants in common by virtue of the Judgment of Divorce.
Plaintiff further alleges in the complaint that the judgment of foreclosure and sale remains against defendant Harold Plaut and the remaining defendants. Finally, plaintiff alleges that it possesses a lien against the Property by way of the judgment of foreclosure and sale as to defendant Harold Plaut's interest in the Property.
Defendant Harold Plaut answered and asserted a counterclaim seeking to quiet title to the Property on the ground that plaintiff is barred from foreclosing his interest in the Property by the [*3]Foreclosure Abuse Prevention Act ("FAPA").
Plaintiff now moves for an order permitting plaintiff to serve defendant Renata Plaut by publication and extend the time to serve for 90 days in the interest of justice. Plaintiff alleges that diligent efforts to serve defendant Renata Plaut with the summons and complaint in this action have been unsuccessful. 
The Plaut defendants oppose plaintiff's motion and cross move for an order denying plaintiff's motion and dismissing the complaint. The Plaut defendants assert that plaintiff's motion must the denied and the complaint dismissed, pursuant to CPLR 306-b, as plaintiff seeks to extend its time to serve the summons and complaint after the expiration of the 120-day period provided in CPLR 306-b. The Plaut defendants also contend that plaintiff's complaint must be dismissed, pursuant to CPLR 3211, since plaintiff lacks standing to commence the present action, and further assert that plaintiff's complaint lacks merits since plaintiff is unable to enforce its lien on the Property as it is time-barred under FAPA. 
As to standing, the Plaut defendants argue that the complaint is not verified and there is no proof of the assignment of the mortgage or the judgment of foreclosure and sale. The Plaut defendants also argue that the action lacks merit as plaintiff does not have an ownership interest in the Property, which is required to maintain a partition action. The Plaut defendants assert that only an owner of an interest in property with title to a part of the property can maintain partition. Further, the Plaut defendants argue that plaintiff is only the alleged holder of a judgment of foreclosure and sale as to the note and mortgage on the Property.
Finally, the Plaut defendants argue that the complaint must be dismissed since plaintiff's lien against the Property is unenforceable under the FAPA. The Plaut defendants contend that since plaintiff commenced the present action to recover mortgage debt, FAPA applies. They also argue that the present action is time-barred under RPAPL § 1301(4). Specifically, the Plaut defendants contend that plaintiff cannot enforce its lien against defendant Harold Plaut since the court in the Foreclosure Action found that the mortgage debt was deemed unenforceable as time barred under FAPA. The Plaut defendants, contend that FAPA applies retroactively as recently held by the First Department, Appellate Division in Genovese v Nationstar Mortgage LLC (223 AD3d 37 [1st Dept 2023]).
In reply to the Plaut defendants' motion and in opposition to the cross motion, plaintiff contends that it has made a sufficient showing of good cause and in the interests of justice. Accordingly, plaintiff contends that it is entitled to an extension of time to serve defendant Renata Plaut in the present action under CPLR 306-b. Plaintiff asserts that, after defendant Harold Plaut advised its process server that Renata Plaut did not reside at the Property and an investigation, service could not be completed at three addresses located for Renata Plaut or at Renata Plaut's place of business. 
Finally, plaintiff argues that it is entitled to a partition and sale as it has standing by virtue of an assignment of mortgage, dated February 3, 2022, from U.S. Bank Trust NA as Trustee for Waterfall Victoria Grantor Trust II, Series G, who was the plaintiff in the Foreclosure Action. Plaintiff further asserts that it is undisputed that plaintiff and defendant Renata Plaut own the Property as tenants in common as evidenced by the judgment of foreclosure and sale, such that it is entitled to a partition and sale. As to FAPA, plaintiff asserts that although FAPA stated it shall apply to all actions in which a final judgment of foreclosure and sale has not been enforced, property rights vested under a final judgment cannot be affected by subsequent legislation. Moreover, plaintiff argues that the foreclosure sale under the [*4]foreclosure judgment and sale was only canceled due to defendant's "vexatious motion practice and delay tactics" such that plaintiff's vested property rights are beyond the reach of FAPA, held in US Bank Trust, N.A. as Trustee for LB-Cabana Series IV Trust v Leonardo (79 Misc 3d 1075, 1079 [Sup Ct, Nassau 2023]). Plaintiff also argues that FAPA should not be applied retroactively.
DISCUSSION
The Plaut defendants correctly contend that plaintiff's complaint must be dismissed pursuant to CPLR 3211. Therefore, plaintiff's motion seeking an extension of time to serve Renata Plaut by publication is moot and is denied.
The Plaut defendants seek relief pursuant to multiple subsections of CPLR 3211, including CPLR 3211(a)(3) and CPLR 3211(a)(7). CPLR 3211(a)(3) provides that a party may move to dismiss one or more causes of action for lack of standing. CPLR 3211(a)(7) provides that a party may move to dismiss one of more causes of action for failure to state a cause of action. 
"[U]pon a motion to dismiss for failure to state a cause of action, the sole criterion is whether the subject pleading states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, then the motion will fail. The court must afford the pleading a liberal construction, accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Esposito v Nolo, 90 AD3d 825 [2d Dept 2011]; see Sokol v Leader, 74 AD3d 1180 [2d Dept 2010]). 
However, "[a] court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (Sokol v Leader, 74 AD3d at 1181; see Mera v New York City Health & Hosps Corp, 220 AD3d 668, 669 [2d Dept 2023]). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762 [2d Dept 2021]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]; see Mera v New York City Health & Hosps Corp, 220 AD3d at 669).
To be entitled to partition of real property and sale, plaintiff must establish ownership and the right to possession of the subject property, as well as demonstrate that "a partition thereof cannot be made without great prejudice to the owners" (RPAPL 901[1]); see Graffeo v Paciello, 46 AD3d 613, 614-615 [2d Dept 2007]). Moreover, a mortgagor is not divested of title and interest in the foreclosed property until the completion of the sale authorized by the judgment of foreclosure and sale (see Ray v JP Morgan Chase Bank, NA, 145 AD3d 812, 813 [2d Dept 2016]; Carnavalla v Ferraro, 281 AD2d 443, 444 [2d Dept 2001]; Forbes v Aaron, 27 Misc 3d 719, 720 [Sup Ct, Kings County 2010]). Accordingly, a mortgagee does not acquire title to the foreclosed property upon entry of the judgment of foreclosure and sale.
In the complaint, plaintiff fails to allege that it has ownership and a right to possession of the Property. Even accepting all the factual allegations of plaintiff as true and according [*5]plaintiff the benefit of every possible inference, it cannot be said that in the complaint plaintiff alleged the requisite elements for partition in light of its failure to allege ownership of the Property. The complaint, therefore, fails to allege a requisite element of the cause of action for partition and sale, and dismissal is warranted pursuant to CPLR 3211(a)(7).
Moreover, insofar as it is undisputed that the foreclosure sale of the Property never took place after the dismissal of the Foreclosure Action insofar as alleged against defendant Renata Plaut, the Plaut defendants correctly contend that plaintiff lacks standing to maintain the partition action. Accordingly, the Plaut defendants are also entitled to dismissal of the complaint pursuant to CPLR 3211(a)(3). 
In opposition to the cross motion, plaintiff erroneously asserts that "it is undisputed that plaintiff and defendant Renata Plaut own the Property as tenants in common and no other party has an interest in the Property as evidenced by the judgment of foreclosure and sale" (Affirmation in Opposition to Cross Motion and in Further Support ¶ 33). Plaintiff's reliance on the judgement of foreclosure and sale in support of this contention is misplaced. As set forth above, the judgment of foreclosure and sale relied upon by plaintiff did not transfer ownership and title of the Property to plaintiff since a mortgagor retains ownership and title in a foreclosed property until the sale is completed (Ray v JP Morgan Chase Bank, NA, 145 AD3d at 813; Carnavalla v Ferraro, 281 AD2d at 444). 
In view of the foregoing, the Court need not reach the remaining contentions of the parties with respect to the motion and cross motion.
The Court notes that defendant Harold Plaut's counterclaim to quiet title survives.
CONCLUSION
Accordingly, it is hereby
ORDERED that plaintiff's motion for an order extending its time to serve defendant Renata Plaut by publication is denied as moot; and it is
ORDERED that the Plaut defendants' cross motion is granted to the extent that the Plaut defendants seek dismissal of the complaint pursuant to CPLR 3211(a)(3) and CPLR 3211(a)(7), and the complaint is dismissed with costs and disbursements to be taxed by the Clerk of the Court; and it is further
ORDERED that the Plaut defendants shall serve a copy of this decision and order with notice of entry upon plaintiff within seven days of entry; and it is further
ORDERED that, upon submission by the Plaut defendants, the Clerk of the Court may enter judgment accordingly.
Dated: April 12, 2024
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.